ROBERT LEE FRANKLIN BARBER, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0064-93-3

Decided January 17, 1995

498

COUNSEL

James M. Dungan, Assistant Public Defender, (William E. Bobbitt, Jr., Public Defender, on briefs) for appellant.

John H. McLees, Jr., Assistant Attorney General, (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

BARROW, J.—This appeal is from a conviction for breaking and entering with intent to commit larceny. The defendant contends that the evidence was insufficient to support the conviction and that an opinion contained in a certificate of analysis should not have been admitted into evidence. We hold that the opinion expressed in the certificate of analysis was not admissible under Code § 19.2-187 and that the case must be remanded for a new trial.

Shortly after midnight a burglar alarm company notified the police that an alarm at Rose's Department Store had been triggered. When the police arrived, they discovered both the outer glass door to the vestibule and the inner glass door to the store had been broken. The burglar alarm, which emitted a high-pitched siren inside the store, was triggered by a motion sensing device in the ceiling approximately two to three feet inside the inner doors and could not be triggered by breaking only the outer doors. Nothing had been taken from the store.

A police officer patrolling the area west of the store saw the defendant walking within fifty feet of the store. Another police officer at the east end of the Rose's building later observed the defendant staggering toward him and detained the defendant for identification. When the officer inquired where the defendant had come from, the defendant gave "evasive" and conflicting answers about where he had been and his destination. He claimed that he had not been to the west of Rose's, although the officer had seen him coming from that direction. The officer arrested the defendant for being drunk in public.

A search of his person revealed glass fragments embedded in his shoes and clothing, including his jacket pockets. The officer also seized a paper bag containing some cassette tapes and other items, and found glass particles in the bag. The items seized were sent to a laboratory for analysis. Nine to eleven pieces of safety glass found in the defendant's pants pocket were placed in an envelope and given to the investigator, who submitted them to the lab.

The certificate of analysis prepared by the lab compared the glass from the Rose's store to the glass from the defendant's pocket and stated that they "matched in temper, tint, thickness, density and optical properties." The glass from the store and from the remainder of the defendant's clothing "matched . . . in optical properties." Further, the certificate stated, "It is considered unlikely that the glass [found on the defendant] originated from any source other than the broken pane" from the Rose's store.

The defendant objected to the admission of this statement in the certificate of analysis because it constituted an opinion. The trial court overruled the objection and admitted the certificate of analysis into evidence without redacting the statement from it. The jury found the defendant guilty of the burglary.

█ Code § 19.2-187 permits a certificate of analysis to be admitted into evidence "without requiring the in-court presence of the person who prepared the document." *Allen v. Commonwealth*, 3 Va. App. 657, 662-63, 353 S.E.2d 162, 165 (1987). In a criminal case, the statute allows the admission of evidence "which otherwise might be subject to a valid hearsay objection." *Gray v. Commonwealth*, 220 Va. App. 943, 945, 265 S.E.2d 705, 706 (1980). Consequently, we must construe the statute "strictly against the Commonwealth and in favor of the accused." *Id.*

█ Construing Code § 19.2-187 "strictly against the Commonwealth and in favor of the accused," we conclude that its language does not allow opinions into evidence without expert testimony. *See Hopkins v. Commonwealth*, 230 Va. 280, 287, 337 S.E.2d 264, 268 (1985), *cert. denied*, 475 U.S. 1098 (1986); *Robertson v. Commonwealth*, 211 Va. 62, 175 S.E.2d 260 (1970). Only "the facts . . . stated [in a certificate analysis] and the results of the analysis or examination referred to therein" are admissible in evidence. Code § 19.2-187. "[T]he facts . . . stated" in

a certificate of analysis would ordinarily be those describing how and from whom the samples tested were obtained. "[T]he results of the analysis or examination" would ordinarily be a description of what the test or analysis itself revealed, i.e., in this case, the glass from the two sources "matched in temper, tint, thickness, density and optical properties."

The conclusion that the glass found on the defendant "is considered unlikely . . . [to have] originated from any source other than the broken pane" from Rose's Department Store is not a test result. It is an opinion regarding the significance of the test results, an opinion only an expert could state. We are unable to extend the language of the statute to admit into evidence the opinions of experts without their testifying and subjecting their opinions to cross-examination. We conclude that the trial court erred in admitting the certificate of analysis into evidence without first redacting the inadmissible opinion stated in it.

This error, furthermore, was not harmless as the Commonwealth contends. The issue at trial was whether the defendant committed the burglary. The opinion in the certificate of analysis was highly probative of that material issue. We cannot say based on the facts and the record that this evidence did not affect the jury's verdict. *See Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

For this reason, we reverse the judgment of conviction. Furthermore, because the evidence, including that which we hold was inadmissible, was sufficient to support the conviction, we remand the matter for a new trial if the prosecution so elects.

*Reversed and remanded.*

Coleman, J., and Hodges, S.J., concurred.