COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia

STUART ALLEN BOTTOMS
                                        OPINION BY
v.        Record No. 0317-94-2     JUDGE LARRY G. ELDER
                                         JUNE 6, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    John F. Daffron, Jr., Judge

        W. Edward Riley, IV (Boone, Beale, Carpenter
        & Cosby, on brief), for appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Stuart Allen Bottoms (appellant) appeals his conviction for

driving under the influence of alcohol in violation of Code

§ 18.2-266.  Appellant contends that the trial court erred in

failing to suppress blood test results because the circuit court

clerk did not send appellant a copy of the certificate of

analysis after he had requested it in writing pursuant to Code

§ 19.2-187(ii).  Because the certificate was not delivered to

appellant seven days prior to trial, we reverse the conviction

and remand the case for retrial if the Commonwealth be so

advised.

    The record shows that on September 4, 1993, Trooper James

Elmore of the Virginia State Police saw appellant make a turn

without using his turn signal as he was operating a motor

vehicle.  After appellant was pulled over and exhibited signs of

intoxication, he submitted to a blood test, which revealed that

his blood alcohol content was .12 percent.  Appellant was charged with driving under the influence and tried without a jury on January 25, 1994.

Fifty-four days before trial, appellant requested a copy of the certificate of analysis of his blood test from the clerk of the circuit court.  Appellant did not notify the Commonwealth's attorney of this request.  At trial, appellant objected to the admission of the certificate of analysis of his blood test, because he had not received a copy of the certificate prior to trial, pursuant to Code § 19.2-187(ii).

In response to appellant's objection, the Commonwealth moved for a continuance to provide appellant with the opportunity to review the certificate.  Appellant objected to the continuance on the basis that it would be prejudicial to his case.  The court overruled the objection and offered appellant two alternatives: (1) to continue the case in order to allow the Commonwealth to provide appellant with the certificate pursuant to the statute; or (2) to proceed with the case after a short recess in order to allow appellant time to review the certificate.  Appellant took exception to the court's ruling and selected the second option. The certificate was received into evidence over appellant's objection, and he was convicted of driving under the influence.

Code § 19.2-187 states:

In any hearing or trial of any criminal offense or in
any proceeding brought pursuant to Chapter 22.1 . . .
of this title, a certificate of analysis of a person
performing an analysis or examination . . . shall be

> admissible as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial <u>and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel</u>.

(Emphasis added).

As we have stated on numerous occasions, "[a] certificate of analysis is not admissible if the Commonwealth fails strictly to comply with the provisions of Code § 19.2-187." <u>Woodward v. Commonwealth</u>, 16 Va. App. 672, 674, 432 S.E.2d 510, 512 (1993); <u>Mullins v. Commonwealth</u>, 12 Va. App. 372, 374-75, 404 S.E.2d 237, 238-39 (1991); <u>Basfield v. Commonwealth</u>, 11 Va. App. 122, 124, 398 S.E.2d 80, 81 (1990). Code § 19.2-187 is construed strictly against the Commonwealth. <u>Mullins</u>, 12 Va. App. at 374, 404 S.E.2d at 238.

The Commonwealth argues that by agreeing, over objection, to try the case later in the day rather than continue the case for seven days, appellant waived his objection to the admissibility of the certificate of analysis. This argument assumes that a continuance for seven days after trial had begun would have allowed the Commonwealth to comply with Code § 19.2-187(ii).

Code § 19.2-187(ii) requires that the certificate be mailed or delivered to counsel "at least seven days <u>prior</u> to . . . trial." (Emphasis added). A continuance of any length after the trial had begun would not have remedied the Commonwealth's non-

-3-

compliance.  Because the Commonwealth failed strictly to comply with the requirements of Code § 19.2-187, the judgment of the trial court is reversed and remanded for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>