ELDER, Judge,
dissenting.
I respectfully dissent because the majority’s opinion diverges in material respects from the lengthy line of cases requiring *92 the Commonwealth to strictly comply with the provisions of Code § 19.2-187 and courts to narrowly construe its language. I would hold that the trial court erroneously denied appellant’s motion to suppress the certificate of analysis (certificate) because the Commonwealth’s attorney failed to comply with the request by appellant’s counsel for a copy of the certificate before trial. I disagree with the majority’s holding that the language of Code § 19.2-187 requires a defense counsel to renew a request for a copy of a certificate previously made to a Commonwealth’s attorney when the defendant’s case is appealed from a general district court to a circuit court. Consequently, I would reverse the conviction and remand.
Code § 19.2-187 provides that hearsay statements contained in a certificate are admissible to prove the truth of their assertions if, inter alia, “a copy of such certificate is mailed or delivered by the ... attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.” (Emphasis added.) We have repeatedly held that because Code § 19.2-187 provides an exception to the hearsay rule, a certificate is not admissible if the Commonwealth fails to strictly comply with the provisions of Code § 19.2-187.[2] In addition, we have strictly construed the language of Code § 19.2-187 because it is a penal statute.[3]
*93 I would hold that the trial court erred when it admitted the hearsay statements of the certificate because the Commonwealth’s attorney failed to comply with the mailing requirement of Code § 19.2-187. Appellant’s counsel requested a copy of the certificate from the Commonwealth’s attorney on August 17, 1995. The Commonwealth’s attorney neither mailed nor delivered a copy of the certificate to appellant’s counsel prior to appellant’s trial in the circuit court on October 24. We have previously held that the failure of either the Commonwealth’s attorney or the clerk of court to strictly comply with the mailing requirement renders a certificate inadmissible. See Bottoms v. Commonwealth, 20 Va.App. 466, 469, 457 S.E.2d 796, 797 (1995) (reversing conviction when clerk failed to mail a copy of certificate prior to trial); Copeland v. Commonwealth, 19 Va.App. 515, 517, 452 S.E.2d 876, 877 (1995) (reversing conviction when Commonwealth’s attorney delivered a copy of certificate only three days prior to trial); Woodward v. Commonwealth, 16 Va.App. 672, 674-75, 432 S.E.2d 510, 511-12 (1993) (holding that trial court erroneously admitted certificate when a copy was not sent prior to trial); Mullins v. Commonwealth, 12 Va.App. 372, 375, 404 S.E.2d 237, 239 (1991) (reversing conviction under a prior version of Code § 19.2-187 when clerk failed to send a copy prior to trial even though defendant’s counsel had obtained a copy through discovery).
I disagree with the majority’s construction of Code § 19.2-187 to require a defense counsel, who has already requested a copy of a certificate from the Commonwealth’s attorney prior to a trial in general district court, to make a second request if the case is appealed to the circuit court. This interpretation of Code § 19.2-187 has no textual support and is inconsistent with a narrow reading of the statute.
*94 Code § 19.2-187 entitles a defense counsel to receive a copy of the certificate from a Commonwealth’s attorney “upon request.” The plain language of the statute does not specify the manner in which such a request must be made and does not require a defense counsel to renew the request ever, much less following the appeal of his or her client’s case from a general district court to a circuit court. Cf. Woodward, 16 Va.App. at 675, 482 S.E.2d at 512 (holding that the language of Code § 19.2-187 does not prohibit a defendant’s counsel from requesting a copy of a certificate before it is filed with the trial court). Instead, as Code § 19.2-187 is currently written, the duty of the Commonwealth’s attorney to send a copy of a certificate arises once a defense counsel has made a request. Nothing in the statute indicates that this duty ceases when a de novo appeal of the defendant’s case is taken to a circuit court. Thus, the majority’s broad reading of Code § 19.2-187 to require a defense counsel to make two separate requests for the same certificate of analysis when the defendant’s case involves a trial in both general district court and circuit court contradicts our well established jurisprudence regarding the construction of this statute.
In addition, the majority concludes that, through repeated use of the article “the,” the General Assembly intended the delivery/mailing requirement of Code § 19.2-187 to apply to “a specific ‘hearing or trial’ pending in a particular tribunal.” This conclusion leads to anomalous results when cases are tried in both general district court and circuit court. Under the majority’s logic, not only is a defense counsel required to renew his or her request to a Commonwealth’s attorney for a certificate when the defendant’s conviction is appealed to the circuit court, a Commonwealth’s attorney who has already complied once with the delivery/mailing requirement at the general district level is likewise required to provide the defense counsel with a second copy of the same certificate or risk violating the mandates of Code § 19.2-187. I do not believe that the General Assembly intended the word “the” to mandate such a meaningless redundancy in these situations. In addition, the statute regarding de novo appeals of criminal *95 cases from general district court was not intended to transform the otherwise streamlined procedural safeguards of Code § 19.2-187 into a procedural booby trap for both defense counsel and Commonwealth’s attorneys.
For these reasons, I dissent.

. See Bottoms v. Commonwealth, 20 Va.App. 466, 469, 457 S.E.2d 796, 797 (1995); Woodward v. Commonwealth, 16 Va.App. 672, 674, 432 S.E.2d 510, 512 (1993); Myrick v. Commonwealth, 13 Va.App. 333, 337, 412 S.E.2d 176, 178 (1991); Basfield v. Commonwealth, 11 Va.App. 122, 124, 398 S.E.2d 80, 81 (1990); Allen v. Commonwealth, 3 Va.App. 657, 663, 353 S.E.2d 162, 166 (1987); see also Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980) (stating that "the failure of the Commonwealth fully to comply with the filing provisions of § 19.2-187 renders the certificate inadmissible [in the absence of the preparer of the certificate as a witness at trial]").

. See Bottoms, 20 Va.App. at 469, 457 S.E.2d at 797; Copeland v. Commonwealth, 19 Va.App. 515, 517, 452 S.E.2d 876, 877 (1995); Barber v. Commonwealth, 19 Va.App. 497, 499, 452 S.E.2d 873, 875 (1995); Frere v. Commonwealth, 19 Va.App. 460, 464, 452 S.E.2d 682, 685 (1995); Winston v. Commonwealth, 16 Va.App. 901, 904, 434 S.E.2d 4, 5 (1993); Harshaw v. Commonwealth, 16 Va.App. 69, 71-72, *93 427 S.E.2d 733, 735 (1993); Mostyn v. Commonwealth, 14 Va.App. 920, 922, 420 S.E.2d 519, 520 (1992); Myrick, 13 Va.App. at 338, 412 S.E.2d at 178; Mullins v. Commonwealth, 12 Va.App. 372, 374, 404 S.E.2d 237, 238 (1991); Stokes v. Commonwealth, 11 Va.App. 550, 552, 399 S.E.2d 453, 454 (1991); Allen, 3 Va.App. at 663, 353 S.E.2d at 166; see also Gray, 220 Va. at 945, 265 S.E.2d at 706 (1980).