COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Beales
Argued at Chesapeake, Virginia

BARAKA BOLDEN, S/K/A
 BARAKA S. BOLDEN

                                                            OPINION BY
v.        Record No. 0132-06-1                    JUDGE D. ARTHUR KELSEY
                                                         FEBRUARY 13, 2007

COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         William C. Andrews, III, Judge

        Ben Pavek (Office of the Public Defender, on brief), for
        appellant.

        Benjamin H. Katz, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Baraka Bolden appeals his convictions on various drug and weapons charges. He argues

the trial court abused its discretion in continuing the trial at the Commonwealth's request and in

finding the evidence of guilt sufficient to convict. Concluding the trial court erred in neither

respect, we affirm.

                                            I.

        Under settled principles, we review the evidence in the "light most favorable" to the

Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

That principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270

S.E.2d 755, 759 (1980) (emphasis and citation omitted).

        A police officer noticed Bolden sitting in the driver's seat of a vehicle improperly parked

in a motel parking lot. As the officer walked over to investigate, both Bolden and his female

passenger got out of the car. When the officer was within about five feet of Bolden, he saw Bolden drop brown rolling papers and a one-inch square zip-top bag. The officer looked at the bag and concluded it likely contained cocaine. He arrested and searched Bolden. The officer found on Bolden five individually wrapped bags of marijuana, $590, and a cellular phone. From the vehicle, the officer recovered a handgun in a blue, plastic grocery bag on the driver's seat next to the armrest. The officer also found in the vehicle a knapsack containing a bag of marijuana, various plastic bags, and a digital scale. A second digital scale was discovered on the floorboard.

At trial, the arresting officer testified that the handgun was located in such a position that Bolden must have either been sitting on it or right beside it when he occupied the vehicle. The bag Bolden dropped on the ground contained cocaine, just as the arresting officer suspected. Another officer, testifying as a drug distribution expert, described the circumstances as inconsistent with mere drug possession. Each of the five bags of marijuana appeared to be packaged for street-level sales. In addition to the digital scales and plastic bags, the expert added, the immediate accessibility of a handgun likewise confirmed the drug distribution inference.

Finding these circumstances proved Bolden's guilt beyond a reasonable doubt, the trial court convicted him of possession of cocaine with intent to distribute, Code § 18.2-248, possession of marijuana with intent to distribute, Code § 18.2-248.1, possession of a firearm by a convicted felon, Code § 18.2-308.2,[1] possession of a firearm while possessing illegal drugs, Code § 18.2-308.4, and possession of a concealed weapon, Code § 18.2-308.

---

[1] At trial, Bolden did not dispute his status as a convicted felon. Conviction orders from the Hampton Circuit Court had previously found him guilty of possessing a firearm after having been convicted of a felony and illegally possessing a concealed firearm.

The bench trial took place on October 19, 2005. It had been scheduled originally to go forward on October 3, but because the arresting officer was unavailable to testify, the trial court continued the case for trial on October 19. The trial court heard no evidence in the case until October 19. Both on October 3 and 19, Bolden objected to the continuance on two grounds. He first argued that the officer, though under subpoena, was unavailable merely because of personal reasons. No continuance should be granted on this basis, Bolden contended. Second, Bolden noted that the Commonwealth filed its certificate of analysis of the drug evidence only five days before the original October 3 trial date, not seven days as required by Code § 19.2-187. The trial court found Bolden's first objection an insufficient reason to deny the requested continuance and his second objection "moot" given his ruling on the first.

II.

A.  CONTINUANCE OF TRIAL DATE

When a criminal defendant argues on appeal that the trial court erred by denying his continuance motion or by granting the Commonwealth's, we apply a "two-pronged test" asking whether "the court abused its discretion" and whether the defendant "was prejudiced by the court's decision." Lebedun v. Commonwealth, 27 Va. App. 697, 712-13, 501 S.E.2d 427, 434 (1998); see also Silcox v. Commonwealth, 32 Va. App. 509, 513, 528 S.E.2d 744, 746 (2000) (applying the "two-pronged test").

"Abuse of discretion and prejudice to the complaining party are essential to reversal." Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (citations omitted). The absence of one renders inconsequential the presence of the other. See Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509-10 (1990) (finding no prejudice while assuming *arguendo* an abuse of discretion). We cannot reverse if the defendant "has shown no prejudice resulting from what he claims was an abuse of discretion" in granting or

- 3 -

denying a continuance motion. Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982). Prejudice, moreover, "may not be presumed; it must appear from the record." Lowery, 9 Va. App. at 307, 387 S.E.2d at 510 (citation omitted).

In this case, we need not address Bolden's abuse-of-discretion argument because we find no merit in his claim of prejudice. Citing Bottoms v. Commonwealth, 20 Va. App. 466, 457 S.E.2d 796 (1995), Bolden lays out his theory of prejudice this way:

> The results [of the continuance] were harmful to the appellant, given that section 19.2-187 mandates strict compliance. On October 3, 2005 that section had not been complied with, as counsel had not received a copy of the certificate of analysis seven days prior to trial, nor had it been filed with the Clerk, seven days prior to trial, and there had been a proper request of the same. A continuance could not have been awarded, and cannot be a remedy for non-compliance with section 19.2-187.

Appellant's Br. at 13. This prejudice argument, however, assumes its conclusion: a violation of Code § 19.2-187 sufficient to trigger the exclusionary rule of Bottoms.

Construing Code § 19.2-187 "strictly against the Commonwealth," Bottoms held that granting "a continuance of any length *after the trial had begun*" would not remedy the Commonwealth's untimely filing of a certificate of analysis and would render it inadmissible at trial. Bottoms, 20 Va. App. at 469, 457 S.E.2d at 797 (emphasis added). For most purposes, however, a bench trial begins when the trial court starts to hear evidence. At that point, a bench trial commences for double jeopardy purposes and likewise triggers the timing of the speedy trial statute.[2] We see no reason why the same principle should not also govern the commencement of bench trials for purposes of Code § 19.2-187's pretrial disclosure requirements.

_____

[2] Under the speedy trial statute, "a trial is deemed commenced at the point when jeopardy would attach or when a plea of guilty or nolo contendere is tendered by the defendant." Code § 19.2-243. Jeopardy attaches in bench trials when the trial court "begins to hear evidence." Painter v. Commonwealth, 47 Va. App. 225, 234, 623 S.E.2d 408, 413 (2005) (citation omitted); see generally Ronald J. Bacigal, Virginia Criminal Procedure § 14:14, at 434 (4th ed. 2004).

Bolden's trial, therefore, did not begin on October 3. It began on October 19, more than seven days after the certificate was filed. Consequently, the trial court did not grant a continuance "after trial had begun," Bottoms, 20 Va. App. at 469, 457 S.E.2d at 797, but before it had begun. Far from prejudicing Bolden, the trial court's management of this case amply protected Bolden's right to a pretrial disclosure under Code § 19.2-187 and did so without forcing the Commonwealth to go to trial unprepared.[3]

### B. SUFFICIENCY OF EVIDENCE — FIREARM CHARGES

On appeal, Bolden does not challenge the sufficiency of the evidence supporting his convictions for possession of cocaine and marijuana with intent to distribute. See Code §§ 18.2-248, 18.2-248.1. Instead, he challenges only the firearm convictions and further limits his challenge to the trial court's finding that he possessed the handgun found in the vehicle.

We review the factfinding of a lower court "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). Presuming these factual findings to be correct, we reverse "only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). A reviewing court, however, does not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Haskins v. Commonwealth, 44 Va. App. 1, 7-8, 602 S.E.2d 402, 405 (2004) (citation and emphasis omitted). The issue on appeal is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also Barnes v. Commonwealth, 47 Va. App. 105, 110, 622 S.E.2d 278, 280 (2005).

---

[3] Neither our reasoning nor our holding addresses the unrelated question whether the trial court — irrespective of the continuance — should have issued a show-cause against the officer seeking an explanation for his apparent non-compliance with the subpoena.

In this case, the trial court found Bolden possessed the firearm recovered from the vehicle. "A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession." Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006). "Evidence of actual possession is not necessary." Id. (citation omitted). It is enough that the circumstances demonstrate that he knew of the firearm and kept it "subject to his dominion and control." Id. (citations omitted). Proximity to the firearm and occupancy of the place where it was found are "circumstances probative of possession and may be considered as factors in determining whether the defendant possessed the firearm." Id. at 350, 634 S.E.2d at 705 (citations omitted).

Bolden does not contest these general principles but complains that the evidence of his possession of drugs with intent to distribute should be given no weight in determining whether he simultaneously possessed the handgun. "They are separate issues," Bolden argues. We disagree.

Factfinders may take into account "the commonsense 'relationship between the distribution of controlled substances . . . and the possession and use of dangerous weapons.'" Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994) (en banc). "Guns are the 'tools of the trade' in the underground drug world." Thomas v. Commonwealth, 44 Va. App. 741, 755, 607 S.E.2d 738, 744 (citation omitted), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). In a variety of contexts, courts have observed "the connection between illegal drug operations and guns in our society is a tight one." Jones v. Commonwealth, 272 Va. 692, 701 n.3, 636 S.E.2d 403, 407 n.3 (2006) (quoting in parenthetical United States v. Grogins, 163 F.3d 795, 799 (4th Cir. 1998)). As a result, "evidence linking a defendant to drug distribution may be considered as one factor in determining whether he may have had a motive to possess a firearm." Thomas, 44 Va. App. at 755, 607 S.E.2d at 744.

- 6 -

Consistent with these principles, the evidence in this case supports the rationality of the trial court's finding that Bolden constructively possessed the firearm. It was found in the driver's seat of the vehicle. Bolden was either sitting on it or just next to it when the officer first saw him. Noticing the officer approaching, Bolden got out of the vehicle and dropped a bag of cocaine. Additional drugs were found in the vehicle, along with digital scales and empty plastic bags to package drugs for distribution. Having been found guilty of possessing these drugs with the intent to distribute (a finding unchallenged on appeal), Bolden can hardly complain that the evidence falls short of showing that he also possessed the handgun — as much a tool of his trade as the digital scales or the plastic distribution bags.

### III.

Finding no error in the trial court's decision to continue the trial date or in the sufficiency of the evidence supporting Bolden's firearm convictions, we affirm.

<u>Affirmed.</u>