COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Clements
Argued at Richmond, Virginia


HORACE VERNON HENDERSON, SR.
                                                       MEMORANDUM OPINION[*] BY
v.        Record No. 2215-10-2                         JUDGE ROBERT J. HUMPHREYS
                                                              OCTOBER 4, 2011
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                                  Leslie M. Osborn, Judge

            Joseph M. Teefey, Jr. (Teefey & Teefey, P.C., on brief), for
            appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Horace Vernon Henderson, Sr. ("Henderson") appeals his conviction in the Circuit Court

of Nottoway County ("trial court") on one count of possession of a firearm after having been

convicted of a violent felony, in violation of Code § 18.2-308.2.  Henderson alleges the evidence

presented at trial was insufficient as a matter of law to support his conviction.  For the reasons

that follow, we affirm.

                                       I.  Analysis

        Henderson argues specifically on appeal that the "purely circumstantial" evidence in this

case failed to prove Henderson is the individual who possessed the firearm on the day in

question.  Henderson maintains "no reasonable jury" could "ignore the gaps in the

—————————————————
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth's circumstantial evidence" and find "the evidence proven beyond a reasonable doubt."[1]

<u>Procedural Default</u>

The Commonwealth argues first on appeal that Henderson's arguments are procedurally defaulted, not only because he failed to specifically raise his arguments in the trial court, but because he failed to make a motion to strike the evidence at the conclusion of the Commonwealth's case-in-chief.

In his motion to strike, first made at the conclusion of all of the evidence, Henderson argued as follows:

> The Commonwealth in this case is relying on circumstantial evidence, and the circumstantial evidence that they're relying on is that the firearm that has only been identified by one officer as being the one that he found in the field is the firearm that Horace Henderson was in possession of. The circumstantial evidence – there is testimony regarding someone in camouflage and then of course that's something that will have to go to the finder of fact, but there was no direct evidence where someone saw Horace Henderson in possession of that particular firearm. In the absence of showing of that then the Commonwealth, the Commonwealth's evidence fails.

The Commonwealth contends Henderson failed to argue in the trial court, as he does on appeal, that the evidence was insufficient to prove there were "evidentiary gap[s]" in the Commonwealth's case leading to the reasonable hypothesis of innocence he alleges. Indeed, Henderson did not argue, as he does on brief, that none of the witnesses ever saw Henderson's face and he did not argue, as he does on brief, that the Commonwealth's witnesses "did not establish that the camouflage patterns and colors of the masked suspect were the same as those on Henderson's clothes." Henderson merely argued there was no direct evidence anyone saw Henderson with the gun.

---

[1] Henderson does not dispute the fact that he is a convicted felon.

Rule 5A:18 provides, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice . . . ." "The purpose of the rule is to 'afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).[2] "A party must state the grounds for an objection 'so that the trial judge may understand the precise question or questions he is called upon to decide.'" Id. (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942)). "Thus, the provisions of Rule 5[A:18] 'protect the trial court from appeals based upon undisclosed grounds.'" Id. (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)). The pertinent query for this Court is "whether the trial court had the opportunity to rule intelligently on the issue." Id.

In this case, while Henderson himself suggested "the testimony regarding someone in camouflage" is "something that will have to go to the finder of fact," he also expressly stated "there was no direct evidence where someone saw [him] in possession of that particular firearm." The court ruled, "I'm going to overrule your motion. I think it's an appropriate jury issue." Thus, while Henderson may not have stated his arguments with the specificity he adopts on brief, it appears his objection – that the evidence failed to prove Henderson is actually the man in camouflage who possessed the firearm – was properly stated. The trial court appears to have understood the objection and ruled upon it intelligently. Moreover, Henderson's failure to make a motion to strike at the conclusion of the Commonwealth's case-in-chief does not change our

_____

[2] Although Scialdone, in actuality, addresses Rule 5:25 of the Rules of the Virginia Supreme Court, Rule 5A:18, as amended effective July 1, 2010, mirrors Rule 5:25. Scialdone's treatment of Rule 5:25 would, thus, apply here.

analysis. Henderson made a motion to strike the Commonwealth's evidence upon the conclusion of all of the evidence in this case. We, therefore, find that the issue presented in this case is properly preserved for appeal.

Sufficiency of the Evidence

"Under settled principles, we review the evidence in the light most favorable to the Commonwealth." Bolden v. Commonwealth, 49 Va. App. 285, 288, 640 S.E.2d 526, 528 (2007) (citation omitted). "That principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Id. (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). We review the trial court's factual findings "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). Because we "[p]resum[e] these factual findings to be correct, we reverse 'only if the trial court's decision is plainly wrong or without evidence to support it.'" Bolden, 49 Va. App. at 292, 640 S.E.2d at 530 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc)). That is, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Haskins v. Commonwealth, 44 Va. App. 1, 8, 602 S.E.2d 402, 405 (2004) (emphasis in original) (citation omitted). The issue on appeal is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. "'The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide.'" Scott v. Commonwealth, 55 Va. App. 166, 172, 684 S.E.2d 833, 836 (2009) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986)).

In deciding whether a defendant is guilty of possessing a firearm, "the trier of fact is entitled to weigh all the circumstances in a given case." Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 14 (1991). When the evidence fails to prove directly that a defendant possessed a firearm, proof of possession may be shown by circumstantial evidence. See, e.g., Elmore v. Commonwealth, 22 Va. App. 424, 429-30, 470 S.E.2d 588, 590 (1996) (finding sufficient evidence that the accused possessed a gun where he gave the victim a note stating that he had a gun, he stated that he did not want to hurt anyone, and he pointed to his pocket). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

In this case, the evidence proved that a masked man wearing camouflage and carrying a rifle knocked on Latoya Wright's ("Wright") door at around 8:00 p.m. on November 3, 2009. The man demanded that Wright tell him where "the twins were at" and stated "they beat him and that was my son." Wright knew the twins had beaten Henderson's son earlier in the day. When the man left, he ran into Tammy Craig ("Craig"). After telling Craig to calm down, the man stated "it's nobody but Uncle Horace." Officer Douglas Shay Farley ("Farley") testified that he thereafter saw a masked man in camouflage carrying a rifle along Nottoway Avenue, in the same area as Wright's apartment, at around 9:00 p.m. The man "took off running in a westbound direction through the back yard of 527 Nottoway Avenue." A few moments later, Farley found a "Savage rifle, Model 11 .243 caliber" in the very same area the man had run through. Minutes later, Investigator Sam Murphy ("Murphy"), upon hearing Farley's radio dispatch, spotted

Henderson about two blocks away in his front yard wearing camouflaged clothing. Ten minutes later, Henderson had changed his clothes.

These facts, considered in their totality, could lead a reasonable fact finder to conclude that Henderson was, in fact, the masked man in camouflage carrying a rifle. Henderson testified he knew the twins had beaten his son on the day in question. The masked man told Wright "they beat my son." The man told Craig, it's "Uncle Horace." Henderson's first name is Horace. Henderson was spotted just moments later, near the vicinity of the crime, wearing camouflage clothing. He changed his clothes immediately after Murphy drove by. Contrary to Henderson's argument, it is of no moment that Henderson denied he was involved in this incident or that he testified he never left his house after 1:00 p.m. that day. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The circumstantial evidence in this case supports the jury's conclusion that Henderson possessed a firearm on the day in question.

## II. Conclusion

The evidence in this case, coupled with the reasonable inferences deducible therefrom, supports the jury's conclusion that Henderson possessed a weapon after having been convicted of a felony. We, thus, affirm Henderson's conviction.

Affirmed.

- 6 -