UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Senior Judge Annunziata


WILLIAM R. JERNIGAN, JR.

                                                    MEMORANDUM OPINION*
v.        Record No. 2158-13-3                       PER CURIAM
                                                      JUNE 3, 2014
STEVEN GOFF AND
 ANGELA GOFF


FROM THE CIRCUIT COURT OF HENRY COUNTY
Martin F. Clark, Jr., Judge

(Harold E. Slate, II, on brief), for appellant.  Appellant submitting
on brief.[1]

(Kimberly R. Belongia; H. Clay Gravely, IV, Guardian *ad litem* for
the minor child, on brief), for appellee.  Appellee and Guardian
*ad litem* submitting on brief.


William R. Jernigan, Jr. (father) appeals an order finding that he withheld his consent to the

adoption of his child, contrary to the child's best interests.  Father argues that the circuit court

"abused its discretion in denying appellant's motion for a continuance and was thereby prejudiced

by the resulting termination of his parental rights."  Upon reviewing the record and briefs of the

parties, we conclude that the circuit court did not err.  Accordingly, we affirm the decision of the

circuit court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant filed a *pro se* brief, which we will not consider since his attorney filed an opening brief on his behalf and appellant did not obtain leave of court to file the *pro se* brief.

BACKGROUND

Father and Brittany Jernigan (mother) are the biological parents of a child who was born in September 2010. Mother's sister is Angela Goff. Angela Goff and her husband, Steven Goff, have had custody of the child since February 2011.

In March 2013, the Goffs started the process of adopting the child. Neither father nor mother would consent to the adoption. The Henry County Juvenile and Domestic Relations District Court (JDR court) found that mother and father were withholding their consent contrary to the best interests of the child and held that their consent to the child's adoption was waived. Father appealed to the circuit court.

At the start of the hearing on October 17, 2013, father made a motion for a continuance because certain witnesses were not present. Father's attorney told the circuit court that he spoke with "some of Mr. Jernigan's proposed witnesses and determined they would not be helpful to his case." The circuit court denied the continuance request and heard testimony from Angela Goff and a social worker. Then, father testified. At the time of the hearing, father was incarcerated with approximately five or six months remaining on his sentence for a probation violation due to illegal drug use. He is a convicted felon. Father testified that he has bipolar disorder, for which he is not being treated. Furthermore, father stated that he saw his child once in February 2011 and that he attempted to contact his child once via text message. Otherwise, he has not had contact with the child. He did not appear in the JDR court for a visitation hearing in July 2011. He has not paid child support to the Goffs. He admitted that at the time of the hearing, the best place for the child was with the Goffs; however, he did not want to "lose his rights to his son."

After hearing all of the evidence and argument, the circuit court concluded that father's consent to the adoption was being unreasonably withheld contrary to the best interests of the child and waived father's consent to the adoption. This appeal followed.

ANALYSIS

Father argues that the circuit court abused its discretion by denying his motion for a continuance and that he was prejudiced as a result. Father told the circuit court that he needed to subpoena his witnesses to court. Father's counsel told the circuit court that he interviewed "potential witnesses at [father's] request, but found no strategical value to calling said witnesses at trial." The circuit court denied the continuance request.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007).

Father has not proven that he was prejudiced as a result of the trial court's denial of his motion for a continuance. He did not indicate who his witnesses were nor did he proffer the witnesses' testimony. However, father's counsel told the circuit court that the witnesses would not have been "helpful" to his case. This Court needs to be "able to examine the content of the witness' expected testimony to determine whether the defendant had suffered prejudice as a result of the denial of his continuance request." Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 510 (1990); see also Gray v. Commonwealth, 16 Va. App. 513, 517, 431 S.E.2d 86, 89 (1993). "We cannot reverse if a defendant 'has shown no prejudice resulting from what he claims was an abuse of discretion' in granting or denying a continuance motion." Bolden v. Commonwealth, 49 Va. App. 285, 290, 640 S.E.2d 526, 529 (2007) (quoting Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982)).

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.