UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Causey and Senior Judge Haley

RAHEEM SUPREME CHAMBLISS

                                                              MEMORANDUM OPINION*
v.        Record No. 1028-21-2                                         PER CURIAM
                                                                   APRIL 5, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

(Dennis J. McLoughlin, Jr.; McLoughlin Law PLC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
Assistant Attorney General, on brief), for appellee.


        Raheem Supreme Chambliss appeals from the decision of the Circuit Court of Chesterfield

County ("trial court") revoking his previously suspended sentence.  Appellant contends that the trial

court abused its discretion by denying his motion for a continuance.  After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the decision of

the trial court.

BACKGROUND

        In May 2008, appellant pleaded guilty to robbery; the trial court convicted him and

sentenced him to twenty years' incarceration, with all but two years and six months suspended.[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also pleaded guilty to assault and battery.  The trial court sentenced him to
twelve months in jail on that charge.  That sentence has been served, and we do not address it in
this appeal.

Appellant's suspended sentence was conditioned upon his compliance with all the rules and requirements set by his probation officer for a period of twenty years. The trial court found appellant in violation of the conditions of his probation in 2012, 2013, and 2014, and each time it revoked his suspended sentence, and re-suspended a portion of the time.

On April 6, 2021, appellant pleaded guilty to and was convicted in Danville of second-degree murder, use of a firearm, and possession of a firearm by a convicted felon. Based on the new convictions, the trial court again issued appellant a rule to show cause why the suspended sentence previously imposed should not be revoked.

At the beginning of the revocation hearing, appellant's counsel moved for a continuance. Counsel explained that although appellant had "not directly appealed his convictions in Danville and does not have any post-conviction litigation pending," he had "forwarded his documentation" to a program at the University of Virginia "hoping" that they would "accept his case and file a petition for a writ of actual innocence on his behalf." Counsel asked that the case be continued "so that that process can mature," but he acknowledged that he had spoken to a program representative who advised him that "at this point, it's not in their backlog of cases and they hope to review it at some point, but they are not actively working on it right now." The Commonwealth objected to a continuance, emphasizing that appellant had pleaded guilty to the charges underlying the new convictions. The trial court denied the continuance motion "[b]ased on that information." At the conclusion of the hearing, the trial court revoked the remaining fifteen years of appellant's robbery sentence.

ANALYSIS

Appellant contends that the trial court abused its discretion by denying his continuance motion. He "concedes that he is unaware of any specific statute, rule, or precedent requiring a trial court to grant a continuance when a defendant is contemplating filing a petition for a writ of actual

innocence," but he asserts that "he is similarly unaware of any statute, rule or precedent forbidding the grant of such a continuance motion."

Whether to grant or deny a continuance rests within the "sound discretion" of the trial court. *Ortiz v. Commonwealth*, 276 Va. 705, 722 (2008) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "An appellate court can reverse only if the trial court committed an 'abuse of discretion' *and* thereby caused 'resulting prejudice.'" *Cooper v. Commonwealth*, 54 Va. App. 558, 565 (2009) (quoting *Ortiz*, 276 Va. at 722). "This 'two-pronged' test has long been the standard under Virginia practice." *Id.* (citation omitted) (quoting *Lebedun v. Commonwealth*, 27 Va. App. 697, 712 (1998)). "Abuse of discretion and prejudice to the complaining party are essential to reversal." *Venable v. Venable*, 2 Va. App. 178, 181 (1986). "The absence of one renders inconsequential the presence of the other." *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007). Additionally, prejudice "may not be presumed; it must appear from the record." *Id.* (quoting *Lowery v. Commonwealth*, 9 Va. App. 304, 307 (1990)).

Appellant asserts that "[a]lthough no litigation was pending" when he moved to continue the show cause hearing, "a continuance would hardly have prejudiced the Commonwealth." He further argues that he was prejudiced because, if he is granted a writ of actual innocence in the future and is exonerated of the Danville offenses, he "would nevertheless . . . find himself serving the fifteen-year sentence imposed by the trial court."

"When a defendant makes a last minute request for a continuance, he must demonstrate that exceptional circumstances exist." *Reyes v. Commonwealth*, 68 Va. App. 379, 387 (2018). Here, appellant failed to demonstrate that he was prejudiced by the denial of his motion to continue. Appellant's allegation that he could possibly suffer harm in the future if he is exonerated

of the new offenses from an as-yet unfiled petition[2] for a writ of actual innocence is speculative and does not demonstrate that he sustained actual harm or prejudice. "[W]here harm alleged by an appellant is 'equivocal and speculative,' we find no abuse of the trial court's discretion." *Salmon v. Commonwealth*, 32 Va. App. 586, 595 (2000). "We cannot reverse if the defendant 'has shown no prejudice resulting from what he claims was an abuse of discretion' in granting or denying a continuance motion." *Bolden*, 49 Va. App. at 290 (quoting *Quintana v. Commonwealth*, 224 Va. 127, 135 (1982)). Accordingly, because appellant has failed to demonstrate that he was prejudiced, we find no abuse of discretion with the trial court's denial of his continuance motion.

CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*

---

[2] This Court's records reflect that although he presented a petition for a writ of actual innocence in June 2021, the Clerk of this Court returned the papers because of deficiencies in the filing.