COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges O'Brien and Lorish

SIERRA SHAUNTEL JONES

                                              MEMORANDUM OPINION[*]

v.        Record No. 1331-22-3                       PER CURIAM
                                                 APRIL 11, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
James R. McGarry, Judge

(Brett P. Blobaum, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Sierra S. Jones (appellant) appeals an order revoking her suspended sentence. She contends

that the court abused its discretion by finding sufficient evidence that she violated a special

condition of probation by having unsupervised contact with minors and by failing to grant her

motion to continue. After examining the briefs and record, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Accordingly, we affirm.

BACKGROUND

On appeal we state the facts in the "light most favorable to the Commonwealth, the

prevailing party" below. *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v.

Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On August 10, 2020, appellant was convicted of indecent liberties and on November 4, 2020, was sentenced to five years' incarceration, with four years and nine months suspended, and indefinite probation upon her release. As a special condition of probation, the court ordered that appellant "have no contact with the underage victim," V.D., and she "have no unsupervised contact with minors." On March 16, 2022, the court found appellant in violation of her probation for having contact with V.D., revoked her entire suspended sentence, and resuspended all but ten months.

On June 3, at the Commonwealth's request, the court issued a second rule to show cause. The Commonwealth claimed that appellant had contact with V.D. and unsupervised contact with another minor, M.R.

At an August 3 revocation hearing, Deputy Darrel Wilson testified that he monitors electronic inmate communication at the jail. The communication system includes HomeWAV, which allows inmates to visit by video with friends or family. The HomeWAV kiosk is within the inmate's cell, and each inmate has seven visits per week. Individuals who wish to communicate with inmates must provide the sheriff's office personal information, including their photo and a photo of their identification. Deputy Wilson has access to that information, as well as the call logs.

The logs reflected that appellant made several calls to M.R. between April 30 and May 1, 2022. M.R. had provided the sheriff's office with her information, including a picture of her photo ID. According to the photo ID, M.R.'s birthday is November 27, 2004. The court took judicial notice that someone born on November 27, 2004, was 17 years old on April 30 and May 1, 2022.

Without objection, the Commonwealth played the beginning portion of each HomeWAV video call.[1] In each call, M.R. is seen answering appellant's calls either in bed or in a vehicle. In the April 30 video call, M.R. is with another person in a vehicle. Investigator Justin Gregory, who was involved in appellant's 2020 case for indecent liberties with V.D., identified the second person in the April 30 video call as V.D. Investigator Gregory noted that in April 2020 V.D. was 15 years old, which would make her 17 years old at the time of the April 30 call. Investigator Gregory stated the last time he saw V.D. was in 2020.

At the end of the Commonwealth's evidence, appellant argued that the Commonwealth failed to prove she had unsupervised contact with a minor. The court overruled the motion.

Appellant attempted to call M.R. and her mother via Zoom,[2] without success. Appellant noted that the witnesses had been available on Zoom since 9:00 a.m. but no longer appeared in the virtual meeting room. As appellant tried to reconnect with the witnesses, they texted that they would not be returning to the Zoom call. Appellant told the court that "[t]hey were on but I guess they had to go for some reason, and said they weren't going to be able to wait."

Appellant moved to continue the matter to obtain the witnesses' presence. The court asked if appellant could get the witnesses back on Zoom. Appellant told the court that based on their text message, the witnesses would not be returning to the Zoom call that day.

Appellant proffered that one of the witnesses, M.R.'s mother, would testify that she had met appellant, she knew her daughter was talking to appellant, and she had given permission for the calls. The court asked if M.R.'s mother was present in the room or vehicle during the calls.

---

[1] At the hearing, the Commonwealth's attorney noted that each video call was about 15 minutes long. To save time, and with appellant's permission, the Commonwealth only showed a portion of each call.

[2] Appellant noted that the parties had agreed before the hearing to allow these witnesses to appear via Zoom because one witness was not physically able to attend the hearing.

Appellant could not proffer the location of M.R.'s mother during the calls but repeated that she knew about the calls. The court accepted the proffer, but noted that "being aware of things is not supervising" and stated that it would not find supervision "[u]nless [M.R.'s mother is] in the room with [M.R.]." The court held it was "not going to continue the case to hear [M.R.'s mother] say [she] was aware of [the calls] and that's supervision." The court continued, "if you have . . . evidence [of supervision], I'm willing to continue it for you. But it's not worth continuing if that's not going to be the evidence." The court asked whether the recorded video calls contained evidence of any other adult supervision, and appellant conceded that "if [there] was advantageous evidence, it would have already been put forward."

The court denied appellant's motion to continue. After finding that appellant had unsupervised contact with minors in violation of her probation, the court revoked one year of the suspended sentence.

ANALYSIS

I. Sufficiency of the Evidence of the Probation Violation

Appellant contends that the evidence was insufficient to support the court's finding that she had unsupervised contact with minors. Appellant argues that the person who appeared in the video calls was not M.R. and that person's age was never proven at the hearing. She also claims that V.D.'s age was never affirmatively proven. Finally, appellant notes that the Commonwealth only played a portion of the video calls, and she contends that it is impossible to determine whether the calls were supervised based on that evidence.

"In revocation appeals, the court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

After suspending a sentence, a court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

Here, sufficient evidence in the record supports the court's finding that appellant had unsupervised contact with M.R., a juvenile. The Commonwealth introduced a photocopy of M.R.'s photo ID and a photograph of M.R. With appellant's agreement, the court viewed portions of each video call between appellant and M.R. The evidence showed appellant calling M.R., who answered the calls while she was either in a vehicle or in a bed. Based on the birthday on the photo ID, M.R. was underage at the time of the calls.

The video calls also did not reflect any supervision by a parent or other adult within M.R.'s vicinity. The court noted that on several calls M.R. appeared alone in the vehicle. When the court asked appellant if the video calls contained any exculpatory evidence, such as supervision by an adult other than a parent, appellant conceded that they did not. Instead, appellant only proffered that M.R.'s mother knew about the calls.[3] As the fact finder, the court permissibly concluded that M.R. was the unsupervised minor in the video calls.

---

[3] Appellant's proffer confirms that M.R. was the person she was seen talking to and that M.R. was a minor at the time of the video calls.

Apart from appellant's contact with M.R., appellant was prohibited from any contact at all with V.D., regardless of supervision. Investigator Gregory testified that he was familiar with appellant and V.D. because in 2020 he investigated appellant for the underlying charge of indecent liberties with V.D. Investigator Gregory identified V.D. as the 15-year-old victim from 2020, and as the second person on the April 30 video call. For these reasons, the evidence was sufficient for the court to find that appellant violated the special conditions of her probation by contacting V.D.

## II. Appellant's Continuance Motion

Appellant contends that the court abused its discretion when it failed to grant her mid-hearing request for a continuance. At the hearing, appellant proffered that she and the Commonwealth had agreed that she could present her witnesses via Zoom. The witnesses were available on Zoom at the start of the hearing but were no longer on Zoom when called to testify. Appellant concludes that the witnesses were not present because of a technical issue. Because her witnesses were available in the early morning hours, appellant contends it is likely that they would have been available in the future if the court had continued the hearing.

Appellant argues she was prejudiced by the court's denial of her continuance request. Appellant proffered that M.R.'s mother would testify that she had met appellant and knew appellant was contacting M.R. This testimony, she contends, was material to the proceeding because the court determined that the contacts were unsupervised. Appellant also argues that the Commonwealth would not have been prejudiced by a continuance because its witnesses had testified. Consequently, appellant claims, the court abused its discretion when it failed to grant her continuance.

"A motion for a continuance . . . is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of such discretion."

*Smith v. Commonwealth*, 68 Va. App. 399, 420 (alteration in original), *aff'd*, 296 Va. 450 (2018). "When a criminal defendant argues on appeal that the trial court erred by denying his continuance motion or by granting the Commonwealth's, we apply a 'two-pronged test' asking whether 'the court abused its discretion' and whether the defendant 'was prejudiced by the court's decision.'" *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007) (quoting *Lebedun v. Commonwealth*, 27 Va. App. 697, 712-13 (1998)). The defendant must prove both prongs, as "[t]he absence of one renders inconsequential the presence of the other." *Id.* (citing *Lowery v. Commonwealth*, 9 Va. App. 304, 307 (1990)).

A. Abuse of Discretion

The abuse of discretion standard "rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013). The standard necessarily presumes that "for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013). It requires an appellate court to "show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013) (quoting *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008)). Accordingly, "we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Beck v. Commonwealth*, 253 Va. 373, 385 (1997)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005).

Here, we cannot say that the court abused its discretion by denying appellant's mid-hearing continuance motion. Appellant had a month to prepare for the revocation hearing and secure the attendance of any desired witnesses. Appellant proffered that the witnesses had been available on Zoom in the early morning but, when they were to be called, they no longer appeared in the Zoom meeting room. Before appellant moved to continue the matter, the witnesses advised via text that "they weren't going to be able to wait." The record lacks any evidence that the witnesses did not appear because of a technical issue or that they would have been available at a later date.[4]

Under these facts, we cannot say that the court abused its discretion in denying appellant's motion for a continuance. The court's denial of the motion falls within the "bell-shaped curve of reasonability[,]" *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)), defining a permissible exercise of discretion.

### B. Prejudice

The record also fails to demonstrate the prejudice necessary to establish that the court committed reversible error by denying the motion for a continuance. Appellant's proffer of the witnesses' potential testimony—that M.R.'s mother was aware of the calls and had given permission for the calls—simply does not negate the Commonwealth's evidence that appellant violated the conditions of her probation. Appellant could not represent that M.R.'s mother, or any another adult, was physically present at the time of the calls.

The court noted that even if M.R.'s mother knew of the calls, "being aware of things is not supervising." Given that the proffer did not negate the Commonwealth's evidence, appellant cannot establish that she was prejudiced by the denial of a continuance to allow her to obtain that testimony. Thus, the court did not err in denying the motion for a continuance.

---

[4] The record does not contain subpoenas, or request for subpoenas, of appellant's witnesses.

CONCLUSION

For these reasons, we affirm the circuit court's judgment.

*Affirmed.*