WILLIAM HAROLD TURNER, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1108-90-3

CHARLES WILLIAM BASHAM

v.

COMMONWEALTH OF VIRGINIA

No. 1649-90-3

Decided September 3, 1991

COUNSEL

Harry W. Garrett, Jr. (Garrett, Wallace, Boggess & Davis, on briefs), for William Harold Turner, Jr.

Anthony F. Anderson (Melissa W. Friedman, on briefs), for Charles William Basham.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

WILLIS, J.—William Harold Turner, Jr. and Charles William Basham contend on appeal that the trial court abused its discretion and denied them due process of law in denying their motions for referral to VASAP. We agree. Accordingly, we reverse the judgment of the trial court in each case and remand these cases for further proceedings. By agreement of the parties, these cases were consolidated for argument and decision.

On January 3, 1990, Turner was found guilty of driving while under the influence of alcohol, a second offense within five years. He moved that he be referred to VASAP and be issued a restricted operator's license pursuant to Code § 18.2-271.1(E). He had previously been referred to VASAP, pursuant to an earlier conviction. The trial court conducted a hearing on April 9, 1990 and continued the case to July 3, 1990 for decision in the light of any new legislation that might be pertinent. At the July 3 hearing, the Commonwealth's Attorney opposed a "second trip" to VASAP and stated that his opposition was based upon the policy of the Commonwealth's Attorney's office. The statement of facts recites:

> The Court confirmed that it was now satisfied that it had the authority to allow a second entry into VASAP. The Court commended Turner for his efforts and observed that this was a difficult decision and that the Court had fully considered its options. The Court further observed that it did not seem appropriate for the Circuit Court Judge and the Com-

monwealth's Attorney to have a different policy in second re-
ferral VASAP cases. Whereupon, Turner's motion for re-en-
try into the VASAP program was denied. . . .

On April 10, 1990, Basham was convicted of driving under the
influence, second offense in five years. He moved for a referral to
VASAP and for the issuance to him of a restricted operator's li-
cense pursuant to Code § 18.2-271.1(E). Basham had previously
been referred to VASAP, pursuant to his first conviction. The trial
court "expressed concern as to its authority to permit re-entry into
the VASAP program" and continued the case to July 3, 1990, for
reconsideration in the light of new legislation. On July 3, the
Commonwealth's Attorney stated his policy to object to a second
referral to VASAP and the consequent issuance of a restricted
operator's permit. The defense argued that Basham, although
guilty, had a relatively low blood alcohol count, had been coopera-
tive, and would suffer great financial hardship if he lost his opera-
tor's license. The statement of facts recites:

> The Court then announced that the case at Bar presented
> a difficult decision and that it had fully considered its options
> and further this case was deserving of some consideration be-
> cause of the inequity it would create on Basham; but even
> considering all of the above, it would be inappropriate for the
> Court to have a different policy from that of the Common-
> wealth's Attorney in second referral ASAP cases and as a
> result thereof, it would not order a second referral to
> VASAP. . . .

The Commonwealth first argues that neither Turner nor
Basham presented to the trial court the abuse of discretion and
denial of due process arguments, and that Rule 5A:18 bars the
consideration of these on appeal. We reject this argument. Both
Turner and Basham moved for VASAP referrals and argued in
support of those motions. Their arguments on appeal merely elab-
orate their positions that the trial court erred. They appeal the
denial of their motions.

▇ The Commonwealth next argues that neither Turner nor
Basham was entitled to a VASAP referral. Code § 18.2-271.1(A)
provides:

> Any person convicted . . . [of] any second offense . . . may, with leave of Court or upon Court order, enter into an alcohol safety action program. . . . If such person has never entered into an alcohol safety action program . . . in keeping with the procedures provided for in this section, and upon motion of the accused or his counsel, the court shall give mature consideration to the needs of such person in determining whether he be allowed to enter such program.

The Commonwealth contends that the second quoted sentence limits eligibility for a VASAP referral to those who have not previously been so referred. We reject this reading of the statute. The first sentence of § 18.2-271.1(A) defines the eligibility for a referral. The second sentence merely requires that special consideration be given in the case of one who has not been referred previously.

■ Code § 18.2-271.1 did not require the trial court to grant either Turner's or Basham's motion for VASAP referral. Whether to grant either motion lay within the sound discretion of the trial court. However, the approved statements of facts establish conclusively that the trial court abdicated its exercise of discretion in favor of compliance with the Commonwealth's Attorney's policy. This abdication was an abuse of discretion. Furthermore, Turner and Basham were entitled, under principles of due process of law, to have their cases decided by the judge, not by the Commonwealth's Attorney, and to have decisions predicated upon the court's judgment and assessment of the facts, not upon a recited deference to the position of the Commonwealth's Attorney.

For the foregoing reasons, these cases are reversed and remanded.

*Reversed and remanded.*

Koontz, C.J., and Duff, J., concurred.