**Salem**

GORDON RAY BELL

v.

COMMONWEALTH OF VIRGINIA

No. 1064-92-3

Decided April 5, 1994

COUNSEL

Jeffrey D. Rudd, for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Gordon Ray Bell (Bell) appeals his conviction in a jury trial in the Circuit Court of Bedford County on two felony counts of distribution of marijuana, in violation of Code § 18.2-248.1(a)(2), and three misdemeanor counts of distribution of marijuana, in violation of Code § 18.2-248.1(a)(1). The jury recommended a sentence of ten years on each felony count, with fines of twenty-five hundred dollars ($2,500) each on both felony counts and two of the misdemeanor counts and one thousand dollars ($1,000) on the remaining misdemeanor count. After preparation of a presentence report, the trial court heard testimony and argument by counsel at a sentencing hearing on May 5, 1992. The trial judge imposed the jury's sentence without modification on May 5, 1992. After obtaining new counsel, Bell filed a motion to modify his sentence. After a hearing on that motion on June 16, 1992, the trial judge refused to modify the sentence.

In this appeal, Bell contends that the trial judge erred in failing to consider the Virginia Sentencing Guidelines and other mitigating circumstances before imposing sentence.[1] While conceding that the application of the guidelines is not mandatory, Bell asserts that the trial court abused its discretion by failing to memorialize the recommendation of the guidelines and to explain the basis for departure from that recommendation in affirming the jury's sentence. We disagree and affirm the action of the trial court.

At trial, the evidence showed that Deputy Michael W. Miller (Miller) of the Bedford County Sheriff's Department purchased small amounts of marijuana from Bell at Bell's home on several occasions in the spring and summer of 1991. After making four

---

[1] On brief, Bell relies on arguments made by his trial counsel at sentencing and his new counsel during the motion to reconsider. After sentencing, the circuit court did not vacate or suspend the judgment within twenty-one days as required by Rule 1:1, and thus was without jurisdiction to consider the motion to modify the sentence. However, as the arguments for modification of the jury sentence made during the latter hearing were substantially similar to those raised during the sentencing hearing, the issue raised on appeal was adequately preserved.

purchases, Miller obtained search and arrest warrants, which he executed on August 14, 1991. Following his arrest, Bell made a brief statement to police admitting that he had sold marijuana to Miller. On the strength of that evidence, the jury convicted Bell.

At the sentencing hearing, Bell's wife testified that she was unable to find gainful employment or do heavy housework because of a medical condition and that her daughter is an honor roll student. Bell's supervisor at the Patrick Henry Hotel testified that Bell was a valued, responsible employee. Bell testified that he had many responsibilities at home and denied having sold marijuana other than on the occasions that he sold to Miller. The Commonwealth argued for imposition of the jury's sentence. Bell's counsel argued that the presentence report and the evidence presented by Bell and his witnesses mitigated the circumstances upon which the jury convicted Bell. The trial judge stated, "I agree with [Bell's trial counsel] that I am not sure justice is served by locking this man in prison for this period of time. But, on the other hand, I am sure justice is not served by drug distribution." The judge went on to discuss the role of jury verdicts in sentencing and his reluctance to reduce such sentences in drug cases. The judge then imposed the sentences recommended by the jury. The judge did not refer to the presentence report during the hearing, but noted in his sentencing order that the court had received the report from the probation officer. That report, contained in the record, indicates that under the sentencing guidelines' probation/incarceration determination formula, no imposition of jail or prison time is recommended.

■ We recognize that a trial judge is responsible for considering mitigating circumstances that may warrant a suspension of a portion of the punishment fixed by the jury. *Duncan v. Commonwealth*, 2 Va. App. 342, 345, 343 S.E.2d 392, 394 (1986). However, the modification of a jury's sentence is a matter committed to the sound discretion of the trial judge. *Hudson v. Commonwealth*, 10 Va. App. 158, 160-61, 390 S.E.2d 509, 510 (1990). As with all such matters so committed, the decision of a trial judge to impose the jury's sentence in the face of mitigating circumstances will not be overturned absent a clear showing of abuse of discretion. *See Bassett v. Commonwealth*, 13 Va. App. 580, 583, 414 S.E.2d 419, 421 (1992).

In *Belcher v. Commonwealth*, 17 Va. App. 44, 435 S.E.2d 160 (1993), we held that "[t]he [sentencing] guidelines are not binding on the trial judge; rather, the guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment." *Id.* at 45, 435 S.E.2d at 161 (citing *Hudson*, 10 Va. App. at 161, 390 S.E.2d at 511); *see also Robinson v. Commonwealth*, 13 Va. App. 540, 542, 413 S.E.2d 661, 662 (1992). These principles apply in jury trials as well as bench trials.

Reading the record in the light most favorable to the Commonwealth, as we must do, *Brown v. Commonwealth*, 5 Va. App. 489, 491, 364 S.E.2d 773, 774 (1988), it appears that the trial judge received the presentence report, including the guidelines' recommendation that no incarceration be imposed. It further appears that the trial judge considered that evidence along with the evidence presented by Bell and his witnesses before imposing the full measure of the jury's sentence. The comments made by the trial judge prior to sentencing, far from suggesting that he failed to consider this evidence, show that he considered the mitigating circumstances, but was not persuaded that Bell's case warranted a reduction of the jury's sentence. Accordingly, we cannot say that the record shows a clear abuse of discretion.[2]

Where the sentence imposed was within the range set by the legislature, this Court will not interfere with the judgment of the trial court. *Hudson*, 10 Va. App. at 160-61, 390 S.E.2d at 510. That is the case here. Accordingly, the action of the trial judge in imposing the jury sentence is affirmed.

*Affirmed.*

Benton, J., and Willis, J., concurred.

---

[2] During oral argument, Bell asserted that the trial judge's failure to memorialize the specific recommendation of the sentencing guidelines in its order was an abuse of discretion. We agree with the Commonwealth that absent a legislative directive—similar to that given by Congress to the federal courts—the voluntary application of the guidelines in this Commonwealth places no such burden on the trial court.