COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


LUCIANO MONTALVO
                                        OPINION BY
v.         Record No. 1117-97-2    JUDGE SAM W. COLEMAN III
                                       APRIL 7, 1998
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                        James A. Luke, Judge

           Jacqueline Waymack (Butterworth & Waymack, on
           brief), for appellant.

           Linwood T. Wells, Jr., Assistant Attorney
           General (Richard Cullen, Attorney General, on
           brief), for appellee.


     Under Code § 18.2-251, commonly referred to as the first

offender drug statute, when a defendant who has not been

previously convicted of a drug-related offense pleads guilty to a

charge of illegal drug possession, the judge may, with the

defendant's consent, defer disposition of the charge, place the

defendant on probation upon the condition that he or she submit

to drug treatment and screening, and, upon the defendant's

satisfactory completion of probation, dismiss the charge.  In

this appeal, Luciano Montalvo contends the trial judge abused his

discretion when he refused to invoke the first offender drug

statute after Montalvo pled guilty to possession of cocaine.  We

find that the trial judge did not abuse his discretion;

therefore, we affirm the conviction.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So viewed, the record established that Montalvo was arrested and charged with possessing cocaine after an officer recovered the cocaine while investigating a domestic complaint at Montalvo's residence.  At trial, after pleading guilty to possession of cocaine, Montalvo requested that the judge defer finding him guilty and grant him first offender status under Code § 18.2-251.  In support of his motion, Montalvo tendered a copy of his criminal record, which verified that he had no prior drug-related convictions.  The arresting officer testified that Montalvo admitted "that he had a bad drug problem and that he was going to the VA hospital in an attempt to try to help himself out."  The trial judge ordered a presentence report and deferred sentencing pending his review of the report.

The presentence report showed that Montalvo had two prior assault and battery convictions and numerous driving infractions, including three for reckless driving.  The report also revealed charged offenses in New York for robbery with physical injury and assault with intent to cause serious injury, the dispositions of which were "Unknown."  The probation officer's report stated that it would be difficult to supervise Montalvo on probation because he was "living at different places and not living at home."  It showed that Montalvo was 100% disabled because he suffered from

post-traumatic stress syndrome, depression, and HIV infection. The probation officer also noted in his report that Montalvo's drug use was "apparent." The probation officer further reported that Montalvo was reluctant to sign the medical release forms that were required of him in order to obtain his medical records from the VA hospital. Because of Montalvo's delay and reluctance to sign the release, the officer had not obtained the records at the time of the sentencing hearing. At the hearing, when Montalvo was asked about his delay in signing the release, he stated that he was "told it doesn't make any sense to sign it" and that he eventually signed the release after he checked with the VA hospital and was told to sign the forms.

The trial judge denied Montalvo's request to defer his sentence and to grant him first offender status. The judge stated:

> The point is [that] the Court's confronted with this man being difficult when he is being given an opportunity to have first-offender status. That's inexcusable so far as the Court is concerned. . . . It wouldn't have been the VA that gave the difficulty, it was the defendant. The Court's not inclined to give first-offender status under these circumstances.

The trial judge found Montalvo guilty, sentenced him to five years in the penitentiary, and suspended that sentence for a period of ten years.

Montalvo asserts that the evidence does not support the judge's finding that he was uncooperative in providing the

medical release.  Accordingly, Montalvo argues the judge abused his discretion by denying him first offender status because the trial judge based his decision upon a finding the record does not support.

A trial court has broad discretion under Code § 19.2-203 in deciding whether to suspend all or any portion of a penitentiary sentence and to grant probation.  See Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976); Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946); Bell v. Commonwealth, 18 Va. App. 146, 148, 442 S.E.2d 427, 428 (1994).  Similarly, the court has broad discretion under Code § 18.2-251 in deciding whether to defer a finding of guilt and to grant first offender status to a first-time drug offender.  We will reverse a trial judge's decision to deny first offender status only where the trial judge has made an arbitrary decision and abused his discretion by failing to exercise a conscientious judgment in rendering the decision.  See id.

Here, the evidence supports the trial court's finding that Montalvo was unwilling to cooperate with the probation officer by being reluctant to sign the medical release forms.  Montalvo stated that he had been told "it doesn't make any sense to sign it [the release]."  Although Montalvo explained why he delayed but eventually signed the medical release, the trial judge, who had the opportunity to hear Montalvo and to observe his demeanor, did not err in finding that he was uncooperative.  Furthermore,

from the information contained in the presentence report, the trial judge did not abuse his discretion in finding that Montalvo would not be a good candidate for first offender status.

A first-time drug offender is not entitled as a matter of right to receive a suspended sentence, probation, or treatment under Code § 18.2-251. As alternatives to confinement and incarceration, the statute's benefits are reserved for those first-time drug offenders who demonstrate a likelihood of being able to adhere to the terms and conditions of probation. Here, Montalvo had pled guilty to possession of cocaine and, although it was his first drug offense, he admitted he had used drugs on other occasions and had a drug problem for which he was being treated at the VA hospital. Moreover, the fact that Montalvo was a drug user was apparent to the probation officer. Although a first-time offender who has a history of drug use may still be considered for first offender status, when considered with the fact that Montalvo did not have a regular address, had a prior criminal record of two assault convictions and numerous traffic related offenses, was suffering from depression and post-traumatic stress syndrome and that he had demonstrated an uncooperative attitude by being reluctant to provide the medical release forms that would have enabled the court to obtain information about his drug use and treatment, we cannot say the trial judge abused his discretion by denying Montalvo first offender status under Code § 18.2-251.

Accordingly, we uphold the ruling of the trial court and affirm the conviction.

Affirmed.

Benton, J., dissenting.

Stating that Montalvo "made it very difficult" for the probation officer to obtain Montalvo's medical records from the Veterans' Administration, the trial judge refused to grant Montalvo first offender status under Code § 18.2-251. The record does not support that finding. Therefore, I would hold that the trial judge abused his discretion.

At trial, both the Commonwealth's attorney and Montalvo represented to the judge that Montalvo was eligible for first offender status pursuant to Code § 18.2-251 and that his criminal record was not disqualifying. At the sentencing hearing, the following exchange occurred:

> THE COURT: This case was tried in December. To date the probation officer tells me he has not been able to get the necessary signatures from the defendant to get medical records that are required in order to go forward with first-offender status. Still has not had it since December. We've continued it once before.
>
> [DEFENSE COUNSEL]: Your Honor, I think [the probation officer] has gotten the signatures at this point.
>
> THE COURT: Told me a few minutes ago he did not have.
>
> [PROBATION OFFICER]: I got the signature on the first release eventually, Judge, and then the second release that was sent to me --
>
> THE COURT: The point is, the Court's confronted with this man being difficult when he is being given an opportunity to have first-offender status. That's inexcusable so far as the Court is concerned.
>
> [DEFENSE COUNSEL]: Yes, sir. I believe at

- 7 -

first he did have a problem with medical
records, and after talking to him he did give
a release to [the probation officer]. That's
my understanding. It's difficult to get
records from the Veteran's Administration.

This record clearly establishes that, based on an off-the-record conversation with the probation officer, the trial judge concluded that Montalvo had not signed the second release that the Veterans' Administration required. No evidence proved that Montalvo or his counsel were present when that off-the-record discussion occurred. Montalvo's counsel made an unrefuted avowal on the record that Montalvo had signed the second release and had given it to the probation officer. Indeed, when the probation officer began to explain the events after he received the second release, the trial judge spontaneously ruled that Montalvo was "being difficult" before the probation officer could complete his explanation. This is the sole basis upon which the trial judge refused to consider Montalvo for first offender status under Code § 18.2-251.

Although the majority concludes, based on its own examination of Montalvo's history, that Montalvo was not a "good candidate" for first offender status, the trial judge's decision was grounded only in the judge's perception that Montalvo was uncooperative with the probation officer. We are not at liberty to conclude that the trial judge might have discovered some reason other than the stated reason. The trial judge's stated reason was based on an erroneous assumption. Therefore, I would

- 8 -

reverse the judgment and remand to the trial judge for

reconsideration of the sentence and Montalvo's eligibility for first offender status as provided by Code § 18.2-251.