UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Decker
Argued at Alexandria, Virginia

TIMOTHY IRVIN MEARS

MEMORANDUM OPINION* BY
v.        Record No. 1131-16-4       JUDGE MARLA GRAFF DECKER
FEBRUARY 6, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Kathryn C. Donoghue, Senior Assistant Public Defender, for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Timothy Irvin Mears appeals his sentences for being an accessory before the fact to statutory

burglary and grand larceny, grand larceny, and larceny with intent to sell, in violation of Code

§§ 18.2-18, -91, -95, and -108.01.  On appeal, he contends that the circuit court erred in denying

his request for a continuance of his sentencing hearing.  He also suggests that he was entitled by

statute to a substance abuse assessment and that the court committed reversible error by failing to

order such an assessment.  We hold that the circuit court did not commit reversible error by denying

his motion for a continuance.  We further conclude that the appellant failed to preserve for appeal

his argument that the court erred by not ordering a substance abuse assessment.  Accordingly, we

affirm the appellant's sentences.

––––––––––––––––––––

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

In 2012, the appellant was indicted in Fairfax County for the instant four offenses.[1] The crimes involved the theft of jewelry from the appellant's wife and a neighbor in the townhome community where they resided, as well as the theft of tools from the community's maintenance shed. On April 8, 2013, the appellant entered guilty pleas to those charges and was convicted on his pleas. The court ordered a presentence report and continued the matter.

At the sentencing hearing on June 28, 2013 (the 2013 sentencing), the appellant's counsel made an oral motion for a continuance. He noted that the appellant, who was incarcerated, was participating in Fairfax County's Intensive Addictions Program (the IAP program) and was scheduled to finish the program in August. He represented that the appellant, "to his credit," was "apparently doing well" in the IAP program. Counsel also indicated that the presentence report "detail[ed] a long history with substance abuse and . . . ultimately recommend[ed] an ADS evaluation," asserting that this was "the primary basis" for the continuance motion. Although counsel did not explain the meaning of the abbreviation ADS in his argument, the presentence report specifically proposed "[i]ntensive . . . substance abuse treatment."[2] The report concluded, "Due to [the appellant's] significant substance abuse issues, it is recommended that [he] undergo a substance abuse evaluation in order to address the possibility of long-term residential treatment." The report also reflected the appellant's statement to the probation officer that he "hop[ed] to be placed in [a] long term residential treatment program following his sentenc[es]."

___

[1] The appellant was indicted for a fifth offense, receiving stolen property, which was later "nolle prosequied."

[2] A letter that counsel introduced at sentencing referenced "ADS" and was signed by a substance abuse counselor with the "Alcohol and Drug Court Services," suggesting that ADS might have been an abbreviation for this program associated with the Fairfax-Falls Church Community Services Board.

The appellant's attorney further noted at the 2013 sentencing that, due to the denial of the appellant's bond request and his recent conviction on other charges in neighboring Loudoun County, he was "not going anywhere." Emphasizing his opinion that "the whole case really revolves around drug use," the appellant's counsel requested a continuance so that the appellant could "finish IAP" and "have an ADS evaluation." He did not, however, assert that the court was *required* to order an ADS or substance abuse evaluation. He also did not suggest that the appellant was statutorily entitled to an evaluation or reference a specific statute.

The circuit court denied the request for a continuance and "proceed[ed] to sentencing." After receiving evidence from the appellant, the judge stated, "I can't ignore the fact that this is by my count a fourth burglary on your record, if I include the Loudoun County matter[, a]nd . . . some fourteen prior felonies." By orders entered July 22, 2013, the court sentenced him on each of the four new convictions to two years six months, explicitly ordering that the sentences be served consecutively, for a total of ten years, plus a period of post-release supervision and the payment of restitution.[3]

About ten months later, on May 20, 2014, the appellant filed a motion for reconsideration of his sentences (the 2014 motion). In doing so, he pointed out that the Loudoun County burglary conviction mentioned by the judge at the 2013 sentencing had been overturned. He also noted that one of the other crimes previously listed in the presentence report as a burglary "was so designated in error" and that it had been reclassified as grand larceny. Accordingly, he

---

[3] The court entered two sentencing orders. Each order covers two of the four convictions and contains a clerical error in the "SENTENCING SUMMARY" portion. Each correctly states that the "TOTAL SENTENCE IMPOSED" is two years six months "on each count," to "run consecutive with" the sentences for the other two convictions. However, each order erroneously indicates that the "TOTAL TIME TO SERVE" is two years six months, whereas each should reflect total time of five years. See also Code § 19.2-308 (providing that multiple sentences of confinement "shall not run concurrently[] unless expressly ordered by the court").

represented to the court that he stood convicted of only two burglaries rather than the four previously noted by the circuit court at the 2013 sentencing.

Regarding his substance abuse, the appellant asserted in his 2014 motion that he would "soon successfully complete" the IAP Program.[4]  He also argued that he requested at the 2013 sentencing "that [a Code §] 18.2-254 evaluation be performed prior to his sentencing" but that his request "was denied."  He further indicated, however, that "such an evaluation was performed in Loudoun County."  The appellant noted that the evaluation was attached to the motion for reconsideration, and he asked the circuit court to review it.[5]  Finally, he asked the court to "suspend a significant portion" of his sentences to "allow him to participate in probation post-incarceration," and to grant any appropriate additional relief.

The substance abuse assessment—dated June 27, 2013, and performed in Loudoun County by a licensed clinical psychologist pursuant to Code § 18.2-254—reflects that it was prepared based in part on a "[c]linical interview" with the appellant.[6]  The assessment concluded that the appellant, who was thirty-seven years old, had a "severe" drug and alcohol addiction from which he had suffered since he was a teenager.  The evaluator opined that due to the length

---

[4] The appellant had represented at the June 2013 sentencing hearing that he expected to complete the IAP program "in August," presumably referring to August 2013.  Other evidence in the record indicates that the IAP program in which he participated was a three-month program.  In making his motion for reconsideration in May 2014, the appellant provided no explanation for why his completion of the program appeared to have been delayed by more than ten months.

[5] Code §§ 18.2-251.01 and -254 refer to an initial "screening" for substance abuse, which may be followed by an "assessment" if a substance abuse problem is identified.  See § 18.2-251.01(A).  The report of June 27, 2013, submitted by the appellant is titled, "FORENSIC PSYCHOLOGICAL *EVALUATION*," with the subheading "Substance Abuse *Assessment* (§18.2-254)."  (Emphasis omitted and added).  For purposes of this opinion, we use the terms "evaluation" and "assessment" interchangeably, just as the evaluating psychologist and the parties have done.

[6] We note that the Loudoun County evaluation was dated one day before the June 28, 2013 sentencing hearing in Fairfax County.

and severity of his addictions and his report that he had not undergone any substance abuse treatment prior to his participation in the jail's IAP program, the appellant "would be an appropriate candidate" for "inpatient . . . treatment." Alternatively, the evaluator recommended "a stint in a 28-day rehab program or a graduated release/halfway house-type program at the end of his prison sentence." He also opined that the appellant would "need to participate in intensive outpatient substance abuse services once released from treatment/prison," to include regular random drug screening.

At the hearing on the appellant's 2014 motion to reconsider his sentences, he argued that the "primary basis" for the motion was that he stood "convicted of two burglaries instead of four" due to adjustments in his criminal history. The appellant's counsel also argued that he had been participating in the IAP program and pointed to "the [Code § 18.2-]254 evaluation" performed a year earlier in Loudoun County. Counsel further suggested that the appellant was "truly repentant" and "motivat[ed] . . . [to] address the addiction issues which have led to the . . . criminal behavior." As a result, counsel asked the court to "consider suspending a greater portion of [the appellant's] sentence." The Commonwealth replied that the appellant had "an extremely extensive criminal history" even without the two burglaries that had been removed from his record. The court also allowed the appellant to speak. He said among other things that he was "focused on . . . not letting the alcohol and drugs and the addiction rule [his] life anymore."

The circuit court granted the appellant's 2014 motion to reconsider his sentences, explaining that it did so "not so much [because of] the statement that [the appellant] made" but because of the change in his criminal history resulting from the fact that he had two fewer burglary convictions than when the court originally sentenced him. The court also noted that it was not "ignoring his double digit number of felony convictions." The court ordered that the

appellant's sentences for grand larceny and larceny with intent to sell be altered to run concurrently rather than consecutively and that all other "terms and conditions of the [2013] sentencing order[s] . . . remain in full force and effect," resulting in a sentence of seven years six months to serve.

The appellant was subsequently awarded a delayed appeal covering both the 2013 sentencing orders and the 2014 sentencing modification order.

## II.  ANALYSIS

The appellant contends that the circuit court erred in denying his motion to continue the 2013 sentencing hearing.  He also suggests that he was statutorily entitled to a substance abuse assessment prior to sentencing and that the circuit court committed reversible error by failing to order one.

### A.  Motion for a Continuance

The appellant argues that the circuit court abused its discretion in denying his request to continue his sentencing hearing.  He further suggests that he was prejudiced by the denial and that his submission of the Loudoun County substance abuse assessment at the 2014 motion hearing did not remedy this prejudice.

Whether to grant or deny a continuance rests within the "sound discretion" of the circuit court.  Ortiz v. Commonwealth, 276 Va. 705, 722, 667 S.E.2d 751, 762 (2008) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)).  A court abuses its discretion when it "commits a clear error of judgment."  Lawlor v. Commonwealth, 285 Va. 187, 213, 738 S.E.2d 847, 861 (2013) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)).  The abuse-of-discretion standard also "includes review to determine that the discretion was not guided by erroneous legal conclusions" because a circuit court "by definition abuses its

- 6 -

discretion when it makes an error of law." Porter v. Commonwealth, 276 Va. 203, 260, 661

S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

Further, "[a]n appellate court can reverse" an erroneous denial of a continuance motion

"only if the . . . 'abuse of discretion' . . . *caused* 'resulting prejudice.'" Cooper v.

Commonwealth, 54 Va. App. 558, 565, 680 S.E.2d 361, 364 (2009) (emphasis added) (quoting

Ortiz, 276 Va. at 722, 667 S.E.2d at 762). Meeting both parts of this two-part test is "essential to

reversal." Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (quoting

Ferguson v. Colonial Pipeline Co., 206 Va. 719, 722, 146 S.E.2d 173, 175 (1966)). "The

absence of one renders inconsequential the presence of the other." Bolden v. Commonwealth, 49

Va. App. 285, 290, 640 S.E.2d 526, 529 (2007), aff'd on other grounds, 275 Va. 144, 149, 654

S.E.2d 584, 586-87 (2008); see Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d

508, 510 (1990) (assuming an abuse of discretion and holding no prejudice was shown).

Accordingly, an appellate court may not reverse "if the defendant 'has shown no prejudice'"

from the denial of his motion for a continuance. Bolden, 49 Va. App. at 290, 640 S.E.2d at 529

(quoting Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982)). Further,

the prejudice component "may not be presumed; it must appear from the record." Id. (quoting

Lowery, 9 Va. App. at 307, 387 S.E.2d at 510).

The appellant's counsel, in making the 2013 motion for a continuance, noted that the

appellant was participating in Fairfax County's IAP program while incarcerated, was "apparently

doing well in" the program, and was scheduled to finish it three months later. Counsel also

indicated that the presentence report "detail[ed] a long history with substance abuse and . . .

ultimately recommend[ed] an ADS evaluation." Emphasizing his opinion that "the whole case

really revolves around drug use," the appellant's counsel requested a continuance so that the

appellant could "finish IAP" and "have an ADS evaluation."

The appellant is unable to demonstrate prejudice on the facts of this case. Therefore, this Court need not decide whether the 2013 denial of the request for a continuance constituted an abuse of discretion.[7] The appellant argues that he was prejudiced because, due to the unavailability of a substance abuse assessment at the 2013 sentencing hearing, he was deprived of the opportunity to "present[] independent evidence of his substance abuse issues" and the possibility of "a treatment plan as an alternative to lengthy incarceration." The appellant, however, was on notice of the Loudoun County substance abuse assessment dated June 27, 2013, when he was sentenced in Fairfax County on June 28, 2013. Nevertheless, he made no mention of that assessment during the 2013 sentencing hearing, either through counsel or when he spoke personally to the court.

In any event, the appellant had a second opportunity to make an argument based on the substance abuse assessment at the 2014 motion hearing, and more significantly, he made use of that opportunity. He attached the 2013 substance abuse assessment performed pursuant to Code § 18.2-254 in Loudoun County to his 2014 motion to reconsider, and he referenced it in his argument to the court. He suggested that, based on the information contained in the assessment, coupled with his participation in the IAP program and his obvious "motivation" to "do the hard work it's going to take to . . . address the addiction issues which have led to the . . . criminal behavior," the circuit court should "consider suspending a greater portion of his sentence." The

---

[7] An appellate court decides cases on "the best and narrowest grounds available." Dietz v. Commonwealth, 294 Va. 123, 134, 804 S.E.2d 309, 315 (2017) (quoting Commonwealth v. White, 293 Va. 411, 419, 799 S.E.2d 494, 498 (2017)). We hold that the best and narrowest ground here is our conclusion that the appellant failed to prove prejudice and that this ruling obviates the need to consider whether the court abused its discretion in denying the continuance motion. See Cooper, 54 Va. App. at 566, 680 S.E.2d at 365 (applying "best and narrowest ground" principles in this same fashion on review of a case involving the denial of a continuance motion (quoting Johnson v. Commonwealth, 45 Va. App. 113, 117 n.3, 609 S.E.2d 58, 60 n.3 (2005))).

appellant concedes on brief that the Loudoun County evaluation "represents the information [he] sought to obtain and introduce" at the 2013 sentencing.

The appellant argues, however, that when he presented the assessment with the 2014 motion, the court docketed the motion and reconsidered the sentence only as to corrections in his criminal history that were unrelated to his substance abuse problem.[8]  Despite the appellant's argument, nothing in the circuit court's ruling suggests that it refused to consider the substance abuse assessment as part of the 2014 proceedings.  See Bolden, 49 Va. App. at 290, 640 S.E.2d at 529 (noting that prejudice from the denial of a motion for a continuance must appear from the record); Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (holding that the appellant bore the burden of presenting a record sufficient to permit the appellate court to conclude that the trial court abused its discretion in denying his motion for a continuance); Tomlinson v. Commonwealth, 8 Va. App. 218, 223, 380 S.E.2d 26, 29 (1989) (viewing the evidence in the light most favorable to the Commonwealth, the party who prevailed in the trial court, for the purpose of reviewing the court's ruling denying the defendant's continuance motion); cf. Commonwealth v. White, 293 Va. 411, 421 & n.4, 799 S.E.2d 494, 499 & n.4 (2017) (in applying harmless error principles, holding that "appellate review 'is not limited to the evidence mentioned . . . by the trial court in its ruling'" (quoting Du v. Commonwealth, 292 Va. 555, 566, 790 S.E.2d 493, 500 (2016))).

---

[8] For the first time at oral argument, the appellant asserted without significant elaboration that a motion for reconsideration is "not the same" as a new sentencing hearing, implying that the reconsideration could not cure the claimed prejudice.  On brief, however, he conceded that the reconsideration "could have rendered the [circuit] court's error harmless" but did not do so on the facts of this case.  We do not consider the contradictory undeveloped argument asserted for the first time at oral argument.  Cf. Bartley v. Commonwealth, 67 Va. App. 740, 744-46, 800 S.E.2d 199, 201-02 (2017) (noting per Rule 5A:20(e) that the appellate court "is entitled to have the issues clearly defined and to be cited pertinent authority" in the appellant's brief and that the Court need not consider the assertions of a litigant that do not meet this requirement (quoting Jones v. Commonwealth, 51 Va. App. 730, 734, 660 S.E.2d 343, 345 (2008))).

Contrary to the appellant's contention, the court's ruling constitutes an implicit conclusion that the contents of the assessment, along with the appellant's claim that it entitled him to serve a lesser number of years in prison, did not in fact warrant any additional adjustment in his sentence. Here, the appellant presented the substance abuse assessment to the court as part of his 2014 motion and asked the court to consider it, both in the written motion and during the related oral argument. The Commonwealth did not object to the admission of the assessment, and the court gave no indication that it refused to consider the assessment's contents. "In Virginia, 'we presume [trial] judges know the law and correctly apply it.'" Duggins v. Commonwealth, 59 Va. App. 785, 789 n.2, 722 S.E.2d 663, 665 n.2 (2012) (alteration in original) (quoting White v. White, 56 Va. App. 214, 217, 692 S.E.2d 289, 290-91 (2010)); cf. Dillsworth v. Commonwealth, 62 Va. App. 93, 100, 741 S.E.2d 818, 822 (2013) (recognizing the legal principle that a court is presumed to disregard evidence that it rules is inadmissible "in the absence of clear evidence to the contrary" (quoting Cole v. Commonwealth, 16 Va. App. 113, 116, 428 S.E.2d 303, 305 (1993))). In light of the applicable standard of review, the fact that the circuit court did not take the action that the appellant sought does not compel the conclusion that it refused to consider his request or abused its discretion by rejecting that request, particularly in light of the appellant's lengthy criminal history.[9] Cf. Montalvo v. Commonwealth, 27 Va. App. 95, 99, 497 S.E.2d 519, 521 (1998) (holding that the trial court did not abuse its discretion in

---

[9] The appellant suggested for the first time at oral argument that his submission of the Loudoun County evaluation could not cure the circuit court's failure to order such an evaluation in Fairfax County because the Loudoun County evaluation indicates that he was not a resident of Loudoun County and was ineligible for treatment there. However, contrary to the appellant's interpretation, the record does not establish that he *would* have been eligible for treatment in Fairfax County. The appellant bore the burden of presenting a record from which the appellate court may assess whether an error occurred and, if so, whether prejudice resulted. See Smith, 16 Va. App. at 635, 432 S.E.2d at 6; Tomlinson, 8 Va. App. at 223, 380 S.E.2d at 29. Consequently, the record's silence on this point inures to the benefit of the Commonwealth for purposes of appeal.

refusing first-time drug offender status for a defendant with a significant drug problem who had a prior criminal record of non-drug-related offenses).

Accordingly, in light of the appellant's submission of the substance abuse assessment with his 2014 motion to reconsider and his references to it in his argument to the court, the appellant has failed to demonstrate that he was prejudiced by the denial of his 2013 motion for a continuance in order to obtain a substance abuse assessment.

### B. Entitlement to a Substance Abuse Assessment

The appellant contends that Virginia's statutory scheme mandated that he receive a substance abuse assessment prior to the 2013 sentencing and that the circuit court committed reversible error by failing to order one at that time. He also argues that if he did not adequately present this claim to the circuit court at the 2013 sentencing hearing, the ends of justice exception to Rule 5A:18 applies to permit the Court to reach the merits of his claim.[10] The appellant did not preserve this assignment of error for appeal under Rule 5A:18 because he did not object contemporaneously. Additionally, any error was harmless, which negates an application of the rule's ends-of-justice exception to excuse the appellant's failure to make a contemporaneous objection.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except . . .

---

[10] The appellant assigns error only to the circuit court's failure to "order[] a substance abuse *assessment*." (Emphasis added). The assignment of error granted for review by this Court does not include a claim that the court erred by not ordering substance abuse *treatment*. See Rule 5A:12(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."); Hernandez v. Commonwealth, 59 Va. App. 37, 38 n.1, 716 S.E.2d 484, 484 n.1 (2011) (*en banc*) (recognizing that "counsel may not substantively alter his assignments of error . . . from those originally granted for appeal without leave of Court"). Consequently, we consider only whether the court's failure to order an assessment was error.

to enable the Court of Appeals to attain the ends of justice."[11]  In determining whether a litigant has satisfied the requirements of the rule, Virginia's appellate courts have "consistently focused on whether the trial court had the opportunity to rule intelligently on the issue."  Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (applying Rule 5:25, the Supreme Court of Virginia counterpart to Rule 5A:18).  "In addition, 'a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.'"  Id. (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

Application of the rule's ends-of-justice exception requires proof of an error that was "clear, substantial and material."  Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 610 (2004) (en banc) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)).  In other words, the exception applies where error has occurred and application "is necessary to avoid a grave injustice or the denial of essential rights."  Brown v. Commonwealth, 279 Va. 210, 219, 688 S.E.2d 185, 190 (2010) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)).  Proof that any error was harmless negates a finding of materiality and bars application of the ends-of-justice exception.  Phoung v. Commonwealth, 15 Va. App. 457, 465-66, 424 S.E.2d 712, 717 (1992); see Commonwealth v. Bass, 292 Va. 19, 27-28 & n.5, 786 S.E.2d 165, 169-70 & n.5 (2016).

Here, the appellant failed to preserve for appeal his argument that he was entitled by statute to a substance abuse assessment prior to the 2013 sentencing.  At the sentencing hearing, he asked the court for a continuance so that he could finish the IAP program and obtain "an ADS evaluation."  However, he did not explain what an ADS evaluation was or connect it to a formal

---

[11] The appellant does not allege that the good-cause exception to Rule 5A:18 applies, and a review of the record does not provide any reason to invoke that exception here.  See Jones v. Commonwealth, 293 Va. 29, 39 n.5, 795 S.E.2d 705, 710 n.5 (declining to consider sua sponte either the ends-of-justice or good-cause exception to Rule 5:25, the Supreme Court of Virginia counterpart to Rule 5A:18), cert. denied, 138 S. Ct. 81 (2017).

substance abuse assessment. Additionally, at no point did he argue that he was statutorily entitled to a substance abuse assessment or that the court was *required* to order one for any other reason.

Further, the record establishes that any error committed by the circuit court in failing to order a substance abuse assessment prior to the 2013 sentencing was harmless. See, e.g., Commonwealth v. Swann, 290 Va. 194, 201, 776 S.E.2d 265, 269 (2015) (recognizing that non-constitutional error is harmless when "the error did not influence the [fact finder] or had but slight effect" (quoting Anderson v. Commonwealth, 282 Va. 457, 467, 717 S.E.2d 623, 628 (2011))). The appellant obtained the same substance abuse assessment in Loudoun County that he sought to have in Fairfax County. The report was dated June 27, 2013, one day prior to the 2013 sentencing hearing. Further, it was prepared with the appellant's participation, putting him on notice of its existence at a time when he could have brought it to the attention of the court at the 2013 sentencing hearing. Additionally, he submitted that assessment to the circuit court in conjunction with his 2014 motion to reconsider his sentences. He was also able to argue the motion, in which he referenced the substance abuse assessment conducted in Loudoun, at a time when the circuit court was able to and did alter his sentences. Once again, the fact that the circuit court did not take the action that the appellant sought based on his substance abuse history and assessment does not compel the conclusion that it refused to consider the information contained in the assessment. Instead, the circuit court's action, viewed under the appropriate standard of review, establishes only that it had a different opinion regarding the impact of that information on the appropriate sentences. See Smith, 16 Va. App. at 635, 432 S.E.2d at 6; Tomlinson, 8 Va. App. at 223, 380 S.E.2d at 29.

The appellant has failed to establish a basis for this Court to invoke the ends-of-justice exception to Rule 5A:18 because any error that may have occurred was harmless. Accordingly, Rule 5A:18 bars this assignment of error.

### III. CONCLUSION

We hold that the circuit court did not commit reversible error by denying the appellant's motion for a continuance because he failed to prove any resulting prejudice. We further conclude that the appellant did not preserve for appeal his claim that the court erred by not ordering a substance abuse assessment. He did not argue to the court that it was required to order one, and he received such an assessment in another jurisdiction and presented that assessment to the court in conjunction with his 2014 motion to reconsider his sentences. Consequently, the appellant is not entitled to invoke the ends-of-justice exception to Rule 5A:18 to excuse his failure to register a contemporaneous objection. For these reasons, we affirm the appellant's sentences and remand the case for the limited purpose of correcting a clerical error in each of the two sentencing orders entered on July 22, 2013, as noted *supra*. See Code § 8.01-428(B); Howell v. Commonwealth, 274 Va. 737, 742, 652 S.E.2d 107, 109 (2007); Tatum v. Commonwealth, 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994).

Affirmed and remanded.