UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia


JORGE FERNANDO CORTEZ

MEMORANDUM OPINION* BY
v.      Record No. 0873-18-4      JUDGE WILLIAM G. PETTY
JUNE 25, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

Corinne J. Magee (The Magee Law Firm, PLLC, on brief), for
appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Jorge Fernando Cortez pleaded not guilty to possession of a controlled drug with intent to

distribute pursuant to Code § 18.2-248.  He was convicted by a jury of the lesser-included

offense of possession of cocaine pursuant to Code § 18.2-250.  After the jury recommended its

sentence, Cortez asked the trial court to withhold a finding of guilt and defer his sentence

pursuant to Code § 18.2-251.  At the subsequent sentencing hearing, the trial court denied

Cortez's request for a deferred disposition.  Cortez appeals that denial here.  For the following

reason, we affirm the judgment of the trial court.

I.  BACKGROUND

"On appeal, we will consider the evidence in the light most favorable to the

Commonwealth, as it prevailed in the trial court."  Whitehurst v. Commonwealth, 63 Va. App.

132, 133 (2014).  This principle requires us to "discard the evidence of the accused in conflict

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137 (1954)).

Cortez was the front passenger of a van that was stopped by police for its suspected involvement in drug activity. Inside the van in a backpack between the driver, Luis Burgos, and Cortez, police seized nearly a kilogram of cocaine. At trial, Burgos testified that a third individual, Marcos Suarez, gave Burgos and Cortez the cocaine. Cortez and Burgos were to deliver the cocaine to a buyer near a Home Depot in exchange for $2,500 and $3,000 each. While waiting for the call from Suarez to give the drugs to the buyer, police arrived and seized the van.

At the conclusion of the evidence at trial, the jury found Cortez guilty of possession of a controlled drug, pursuant to Code § 18.2-250 and set the sentence at a fine of $2,500. At the request of defense counsel, the trial court withheld a finding of guilt pending review of a pre-sentence investigation report. At the sentencing hearing, Cortez requested that the court defer a finding of guilt pursuant to Code § 18.2-251. The Commonwealth objected. The trial court denied Cortez's request and stated,

> The Court does not feel that this—that given the procedural posture of this case that there was a not guilty plea entered and this was a jury trial and that they ultimately convicted you and then sentenced you to a $2500 fine. This is not appropriate procedure of the case for 18.2-251 disposition. . . . [E]ven if this were an appropriate case for 18.2-251 disposition that the Court does not find that given the amount of cocaine involved, given the amount that—of money that you stood to benefit from that this was an appropriate case for a 251 disposition.

The trial court found Cortez guilty and imposed the jury's recommended sentence.

## II. ANALYSIS

Cortez argues that the trial court erred in ruling that a deferred disposition under Code § 18.2-251 could not be granted after a jury trial.

> [T]he court has broad discretion under Code § 18.2-251 in deciding whether to defer a finding of guilt and to grant first offender status to a first-time drug offender. We will reverse a trial judge's decision to deny first offender status only where the trial judge has made an arbitrary decision and abused his discretion by failing to exercise a conscientious judgment in rendering the decision.

Montalvo v. Commonwealth, 27 Va. App. 95, 98 (1998).

At the sentencing hearing in this case, the trial court denied Cortez's request for deferment under Code § 18.2-251 because, as a matter of law, Cortez was not eligible under that code section. The trial court also held, however, that even if Cortez was eligible, the trial court did not consider him an appropriate candidate for deferral. Cortez has not assigned error to the trial court's discretionary finding that Cortez is not an appropriate candidate for a deferred finding under Code § 18.2-251. This alternative holding was not challenged on appeal. Accordingly, Cortez has waived any argument that the trial court abused its discretion by concluding that this was not an appropriate case for disposition pursuant to Code § 18.2-251.

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." Ferguson v. Stokes, 287 Va. 446, 452 (2014) (quoting Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 421 (2012)). "[I]n 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001), and Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998)). In determining if the unchallenged basis for the

lower court's ruling, alone, "provides a sufficient legal foundation for the [lower court's] ruling," this Court does "not examine the underlying merits of the alternative holding." Rankin v. Commonwealth, 297 Va. 199, 202 (2019) (quoting Manchester Oaks, 284 Va. at 422). Rather, when an assignment of error has left an independent basis "for the challenged ruling uncontested," Manchester Oaks, 284 Va. at 422, that fact alone prevents the appellant from obtaining reversal of the lower court's judgment.

In light of this established precedent, we affirm the judgment of the trial court. Cortez only assigned error to *one* of the trial court's two alternative holdings. Cortez assigned error to the trial court's holding that it *could not* defer the judgment under Code § 18.2-251, but did not challenge the trial court's alternative holding that it *would not* defer the case even if it could. Because Cortez failed to assign error to both rulings, this Court must affirm the judgment of the trial court that even if it could defer Cortez's case, it would not do so.

### III. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.