UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Ortiz and Causey
Argued at Lexington, Virginia


COREY MATTHEW MAY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0083-22-3           JUDGE DORIS HENDERSON CAUSEY
                                                    JANUARY 24, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

Ronnie H. West (West Law Firm, PLC, on brief), for appellant.

Tanner M. Russo, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury found Corey Matthew May guilty of assault and battery upon a family or household

member, in violation of Code § 18.2-57.2.[1]  Upon joint motion of counsel, the trial court withheld

an adjudication of guilt until the sentencing hearing, at which time May moved for a deferred

disposition under Code § 18.2-57.3(A).  The trial court denied May's motion, found him guilty, and

sentenced him to twelve months in jail with eleven months and twenty days suspended.  May argues

on appeal that the trial court abused its discretion in denying his request for a deferred disposition.

We agree, and for the reasons below, reverse the trial court's decision, vacate May's conviction and

sentence, and remand to the trial court for further proceedings consistent with this opinion.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The jury found May not guilty of strangulation of the victim.

BACKGROUND

At the sentencing hearing, in support of his motion for a deferred disposition under Code

§ 18.2-57.3, May presented evidence that he had refrained from consuming alcohol since the

offense, had voluntarily sought counseling, had maintained his employment, and had behaved

peaceably. He accepted responsibility for hitting the victim and stated his willingness to comply

with any court-ordered conditions of probation. He had no prior criminal charges. May's attorney

told the trial court that May satisfied all the eligibility conditions set out in Code § 18.2-57.3 and

was an "ideal candidate" for a deferred disposition. While acknowledging May's eligibility for a

deferred disposition, the Commonwealth argued that his requested outcome "minimized" the

offense and its impact on the victim. The trial court denied May's motion. In ruling, the court said:

> I've got [Code §] 18.2-57.3 here in front of me. And I'll just state
> in all the years that I've worked at this courthouse I never used that
> statute except one time that I recall and it was a plea agreement.
> And it is available under certain circumstances. It is the law. And
> we frequently use the first offender statute in drug cases. *But over
> all these years there's just something to me that just doesn't sound
> quite right about there being an assault and battery and we're just
> going to treat this as a first offender, first bite at the apple kind of
> thing. So I've not done it before, and I'm not doing it here.*

(Emphasis added). This appeal follows.

ANALYSIS[2]

Under Code § 18.2-57.3(A), where a person is charged with assault and battery against a

family or household member, the trial court "may defer the proceedings against such person,

---

[2] The Commonwealth argues that Rule 5A:18 bars May's argument that the trial court abused its discretion in denying May's request for a deferred disposition based on a policy disagreement with Code § 18.2-57.3 because May did not present this specific rationale to the trial court. "Our jurisprudence requires us to seek 'the best and narrowest ground available' for our decision." *Abdo v. Commonwealth*, 64 Va. App. 468, 473 n.1 (2015) (quoting *Armstead v. Commonwealth*, 56 Va. App. 569, 576 (2010)). "In this case, resolution of the merits constitutes the best and narrowest ground." *Id.* "Accordingly, we decline to decide whether Rule 5A:18 precludes a litigant from raising on appeal" the argument that the trial court's ruling based on a policy disagreement with the Code was an abuse of discretion, when the litigant moved for a

without a finding of guilt, and place him on probation," subject to certain terms and conditions. To be eligible for such a deferral, the person charged must meet several requirements, among them that he must not have any prior convictions for offenses "relating to an assault or assault and battery against a family or household member" or "an act of violence" (or, if he has committed an act of violence, the Commonwealth must not object to the deferral) and he must not have been previously granted a deferred disposition under Code § 18.2-57.3. Code § 18.2-57.3(B)(ii)-(iv). Code § 18.2-57.3(E) provides for the dismissal of the charge "at the end of the period of deferral if the defendant fully complies with [the] terms and conditions" set by the trial court. *Vandyke v. Commonwealth*, 71 Va. App. 723, 730 (2020).

A trial court's decision whether to grant a deferred disposition is a matter of discretion. *See Suhay v. Commonwealth*, 75 Va. App. 143, 156 (2022) (holding that the use of the word "may" in Code § 19.2-303.6(A) indicated that whether to grant a defendant a deferred disposition based on his mental health disorder or disability was "left to the sound discretion of the trial court"). A defendant "is not entitled as a matter of right to receive" the benefit of a deferral. *Montalvo v. Commonwealth*, 27 Va. App. 95, 99 (1998) (finding that the trial court did not abuse its discretion in declining to apply Code § 18.2-251, the first-time offender statute applicable to drug cases, where the defendant had a significant drug problem and a prior criminal record of non-drug-related offenses). This Court "will reverse a trial judge's decision to deny first offender status only where the trial judge has made an arbitrary decision and abused his discretion by failing to exercise a conscientious judgment in rendering the decision." *Id.* at 98.

---

deferred disposition under Code § 18.2-57.3 and he appeals the trial court's denial of his motion. *Id.*; *see Turner v. Commonwealth*, 13 Va. App. 29, 31 (1991) (holding that Rule 5A:18 did not bar the appellants' arguments that the trial court abused its discretion and denied them due process, where the appellants had made and argued their motions in the trial court and "on appeal merely elaborate[d] their positions that the trial court erred" in denying their motions).

"[A] trial court 'by definition abuses its discretion when it makes an error of law.'" *Auer v. Commonwealth*, 46 Va. App. 637, 643 (2005) (quoting *Shooltz v. Shooltz*, 27 Va. App. 264, 271 (1998)). "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977). Further, "isolated statements of the trial judge taken out of the full context in which they were made" will not be used "as a predicate for holding the law has been misapplied." *Id.* This case, however, presents the rare case where the trial court's statements are "clear evidence" that the court incorrectly applied the law to the facts. *See Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (stating that a court abuses its discretion in making a ruling when it considers and gives "significant weight" to "an irrelevant or improper factor" (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011))).

Here, the trial court abused its discretion because it denied May's motion for deferred disposition based on its belief that deferred dispositions should not be available for assault and battery crimes. The trial court stated that "there's just something to me that just doesn't sound quite right about there being an assault and battery and we're just going to treat this as a first offender." The court then continued, "so I've not done it before, and I'm not doing it here." The court willfully ignored the statute and doing so was an error of law.

"Once the legislature has acted, the role of the judiciary 'is the narrow one of determining what [the legislature] meant by the words it used in the statute.'" *Berry v. Barnes*, 72 Va. App. 281, 295 (2020) (alteration in original) (quoting *Akers v. Fauquier Cnty. Dep't of Soc. Servs.*, 44 Va. App. 247, 260-61 (2004)), *aff'd*, 300 Va. 188 (2021). The judiciary may not decide that it disagrees with the legislature's decision to make deferred dispositions available for a certain class of offenses. Rather, the judiciary must consider, using the criteria set out in Code

§ 18.2-57.3, whether a deferred disposition is appropriate under the circumstances before the court. Because the trial court based its refusal to grant May a deferred disposition on the court's belief that the statute should not apply in any assault and battery case, we hold that the trial court's ruling was an abuse of discretion. *See Bruce v. Commonwealth*, 9 Va. App. 298, 303 (1990) (stating that the trial court's "[f]ailure to consider whether a jury sentence should be mitigated because of a belief that the jury sentence is inviolable is an abuse of discretion").

CONCLUSION

For the reasons stated, we reverse the trial court's decision and vacate May's conviction and sentence. Given May's eligibility under Code § 18.2-57.3, we remand to the trial court to consider if May is an appropriate candidate for a deferred disposition.

*Reversed, vacated, and remanded.*